OPINION OF THE COURT
Gabrielli, J.
This appeal raises the question of the circumstances under which a prosecutor who has had significant involvement with the case at a pretrial stage should be disqualified from representing the People at the trial. We hold today that where the defendant, prior to trial, makes a significant showing that the prosecutor’s prior investigative or prosecutorial conduct will be a material issue at the trial, the prosecutor should be recused. Where no such showing is made, however, a conviction will be reversed only when the defendant demonstrates a substantial likelihood that prejudice resulted from the prosecutor’s participation in the trial.
Following the arrest of a law assistant employed by Supreme Court, New York County, for bribe receiving, a Grand Jury' investigation was begun to determine the extent of such activity by court employees. Defendant, a lawyer employed as a Special Referee by Supreme Court, *297 New York County, appeared before the Grand Jury on three occasions under a grant of immunity. On several occasions during his testimony, defendant responded to the prosecutor’s questions by stating that he did not recall the activity or conversation which was the subject of questioning.
As a result of his testimony on these three occasions, an indictment was returned against defendant, charging him with eight counts of criminal contempt in the first degree (Penal Law, § 215.51). The indictment alleged that defendant had contumaciously and unlawfully refused to answer proper-interrogatories of the Grand Jury in that he gave “equivocal, evasive, conspicuously unbelievable and patently false testimony”. The first count was dismissed before trial; the remaining seven counts were tried before a jury.
On the day that the trial was scheduled to commence, defense counsel moved to recuse the prosecutor, Assistant District Attorney Ferrara, who had questioned defendant before the Grand Jury, on the ground that Ferrara might be called as a witness for the defense. Defense counsel argued that the prosecutor’s conduct before the Grand Jury would be a material issue in the case against defendant, because the substance and form of his interrogatories and his tone of voice were relevant to the question of whether defendant had committed the offenses charged. Moreover, defense counsel expressed concern that Ferrara would be in a position to argue his own credibility before the jury.[1]
The trial court found that the motion was untimely, as it was made on the eve of trial, and Ferrara’s participation in the trial could have been anticipated at a much earlier stage of the proceedings.[2] Notwithstanding the *298 court’s belief that the motion was untimely, it also denied the motion on the merits, finding that defense counsel had not made an adequate showing of the necessity for calling Ferrara as a witness.
Mr. Ferrara proceeded to prosecute the case against defendant. During the People’s case, and over defense counsel’s objection, Ferrara participated in the reading of defendant’s Grand Jury testimony. In this regard, Ferrara, acting in his role as prosecutor before the Grand Jury, read the questions posed, and another member of the District Attorney’s staff, acting in defendant’s role, read the responses.
The defense theory focused on defendant’s state of mind while he was testifying before the Grand Jury. In this connection, defendant testified that while in the “pit” of the Grand Jury room, he felt isolated, lonely, confused and frightened. He complained that Ferrara’s questioning took on a loud, insistent, and sometimes threatening tone, that the questions were asked in rapid succession, and that he believed many questions were being repeated. Defendant explained that his answers were not meant to be evasive, rather, they were the result of his fear that the prosecutor was attempting to “trap” him into giving false answers.
On cross-examination of defense witnesses, Ferrara several times referred to his own role in the Grand Jury proceedings, in an apparent effort to demonstrate that defendant’s fears regarding Ferrara’s design were groundless. Furthermore, during summation, Ferrara again referred to his own role in prosecuting the proceedings before the Grand Jury. Defendant was convicted of all seven counts of criminal contempt in the first degree.
The Appellate Division reversed defendant’s conviction and remitted the matter for a new trial, finding that the trial court should have granted defense counsel’s motion to recuse Assistant District Attorney Ferrara. In so doing, the Appellate Division announced a broad rule of recusal based upon the principle that a lawyer must not act as an advocate in any case in which his own conduct is a material *299 issue.[3] Because we disagree with the scope of this rule of disqualification as announced below, we now reverse and remit the matter to the Appellate Division for a determination of the factual issue involved on the basis of the rule we announce today.
As the Appellate Division correctly noted, two legal principles may form the basis of a motion to disqualify the prosecutor because of his pretrial involvement with the case against the defendant: the “advocate-witness rule” and the “unsworn witness rule”.
The advocate-witness rule is embodied in the provisions of Disciplinary Rules 5-101 (B) and 5-102 of the Code of Professional Responsibility,[4] and generally requires the *300 lawyer to withdraw from employment when it appears that he or a member of his firm will be called to testify regarding a disputed issue of fact (see, also, Ethical Considerations 5-9, 5-10). Thus, once representation is undertaken, the lawyer must withdraw as advocate if it appears that he must testify on behalf of his own client,[5] or if it appears that he will be called as a witness to testify for the adverse party, where his testimony may be prejudicial to the client he is representing. These proscriptions also apply to the prosecuting attorney. If the prosecutor will be called as a witness for the People, to testify to a disputed material issue, he should be disqualified from trying the case. Similarly, if it appears that the court will allow the defense to call the prosecutor as a witness, and that the prosecutor will testify adversely to the People, the prosecutor should be disqualified.
In the case before us, the Appellate Division correctly concluded that the advocate-witness rule did not require the disqualification of Mr. Ferrara. Defense counsel did not establish, on the pretrial motion, that Ferrara was to be called as a witness for the People. Moreover, although defense-counsel expressed a desire to call Ferrara as a witness during the presentation of the defendant’s case, he did not establish that the testimony he sought would be adverse to the People. Indeed, the record of the pretrial motion indicates that any testimony Ferrara could give would be adverse to the defendant.
The unsworn witness rule poses more subtle problems in our efforts to preserve the right to a fair trial. This rule has no definitive contours, but generally stands for the proposition that the prosecutor may not inject his own credibility into the trial. Thus, we have reversed convictions where the prosecutor, to the prejudice of the' defendant, has expressed his personal belief on matters which may influence the jury (People v Tassiello, 300 NY 425), has argued his own credibility on summation (People v Lovello, 1 NY2d 436, 439; People v Carter, 40 NY2d 933), *301 has vouched for the credibility of the People’s witnesses (People v Puglisi, 44 NY2d 748), or has, by cross-examination, suggested the existence of facts not in evidence (People v Duncan, 13 NY2d 37). The primary rationale for so limiting the prosecutor’s conduct is rooted in a concern that the criminal process be fair. Such conduct on the part of the prosecutor amounts to a subtle form of testimony against the defendant, as to which the defendant may have no effective means of cross-examination. Hence, the rule is founded upon the possible danger that the jury, impressed by the prestige of the office of the District Attorney, will accord great weight to the beliefs and opinions of the prosecutor.
Thus, in the application of the unsworn witness rule, we seek to preserve the defendant’s right to a fair trial by recognizing the prosecutor’s role as that of advocate for the People. This same concern exists in cases where the prosecutor’s pretrial involvement with the defendant raises the possibility that the prosecutor’s conduct will be an issue at the trial. The Appellate Division, seeking to effectuate the “spirit” of the unsworn witness rule, held that, in any case in which the prosecutor’s pretrial conduct is a material issue, he must be recused. Although we recognize that the utility of such a per se rule rests in the ease of its application, we believe it is too broad a rule of recusal, for it fails to take into account the interest of the District Attorney’s office in choosing the lawyer it wishes to have act as trial counsel,[6] and fails to allow for consideration of less drastic alternatives which might afford full protection to the defendant under such circumstances. A more flexible approach is needed to deal with the problems of disqualification of the prosecutor — one that accommodates both the interest of the defendant in a fair trial and of *302 the District Attorney’s office in choosing its own representative.
We begin with the proposition that, on a pretrial motion to disqualify the prosecutor, it is incumbent upon the defendant to make an adequate showing that the pretrial activity of the prosecutor will render his participation in the trial unfair. A mere assertion by the defendant that he intends to question some aspect of the prosecutor’s conduct is insufficient. Rather, the defendant must demonstrate that there is a significant possibility that the prosecutor’s pretrial activity will be a material issue in the case.
Thus, in an evasive contempt case such as the present one, where the prosecutor’s conduct before the Grand Jury is called into question, the defendant must demonstrate on the pretrial motion that such conduct will have a bearing on the substantive issues to be raised at trial. If, for example, the defendant makes a substantial and satisfactory showing prior to trial that the attitude and questioning of the prosecutor before the Grand Jury were the cause of his “evasive” answers, disqualification of the prosecutor will be required. It is not a sufficient basis for recusal, however, to merely claim that the prosecutor observed the defendant giving his testimony, or otherwise observed the circumstances under which testimony was given. In another situation in which this type of problem is likely to arise, where the prosecutor has participated in taking the defendant’s confession, the defendant must establish, not simply that the prosecutor observed the defendant’s demeanor or the activity of others, but that the prosecutor’s own conduct will be relevant to a material issue, such as the voluntariness of the confession (see People v Arabadjis, 93 Misc 2d 826).
The court should also consider, as bearing on the need for recusal, defendant’s showing of necessity for calling the prosecutor as a witness to testify regarding a material issue on the trial.[7] While this decision to allow the defense *303 to call the prosecutor as a witness rests in the sound discretion of the trial court (People v Poplis, 30 NY2d 85), this may be the most appropriate point for the court to consider such a request.[8] In addition, the timeliness of the motion may be considered, in determining the likelihood that the defendant’s motion is made in good faith and not just for the purpose of gaining a tactical advantage.
We emphasize that the necessary showing of the need to recuse the prosecutor must be made at this pretrial stage. In those cases in which the defendant has not made the necessary showing, but there is nevertheless some danger that the prosecutor’s pretrial activity might allow him to unfairly influence the jury by injecting his own credibility into the trial, the court should take steps to avoid prejudice to the defendant in this regard. Thus, for example, if the prosecutor has participated in taking defendant’s confession and the voluntariness of the confession is a major part of the defense case, those portions of the confession suggesting the prosecutor’s prior involvement may, in an appropriate case, be redacted.[9] This procedure will lessen the opportunity for improper suggestions that the prosecutor personally stands behind the validity of the confession as a result of his personal involvement in the circumstances under which it was taken. Of course, the prosecutor must *304 himself scrupulously avoid informing the .jury of his prior role in dealing with the defendant.
Notwithstanding the precautions that may be taken by the court and by the prosecutor, subsequent developments at the trial may demonstrate that defendant was deprived of a fair trial. Where the court has denied the motion to recuse the prosecutor or has fashioned a less drastic remedy, the defendant’s conviction will be reversed only if he satisfactorily establishes a substantial likelihood of prejudice flowing from the prosecutor’s subsequent conduct (considering whether timely protest had been registered with respect thereto). Thus, where the prosecutor’s pretrial conduct in fact becomes a material issue at the trial and his conduct at the trial improperly allowed him to become an unsworn witness against the defendant, thereby causing the defendant to suffer such a likelihood of prejudice, the defendant’s resulting conviction cannot stand.
Accordingly, as the Appellate Division applied a rule of disqualification which we do not find proper, its order should be reversed and the matter remitted for a consideration of the facts and application of the rule we announce today.

. On his prior pretrial omnibus motion, defendant had also raised the claim that the sole purpose of defendant’s appearance before the Grand Jury was to have him commit the crimes of perjury and contempt.

. The record discloses a dispute over the timeliness of the motion. Defense counsel insisted that he learned of Mr. Ferrara’s participation in the trial only a short time prior to the making of the motion. The- prosecutor claimed that defense counsel knew he would be trying the case for a significantly longer period of time, and argued that the motion to disqualify him should have been made at a much earlier time.

. The Appellate Division based its holding on the “spirit” of rule 3.9 of the American Bar Association’s proposed Model Rules of Professional Conduct, which provides, in pertinent part, as follows: “A lawyer shall not act as advocate, except on the lawyer’s own behalf, in litigation in which the lawyer’s own conduct is a material issue or in which the lawyer is likely to be a witness”.

. These Disciplinary Rules provide, in relevant part, as follows:
“DR 5-101. Refusing Employment When the Interests of the Lawyer May Impair His Independent Professional Judgment.
“(B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:
“ (1) If the testimony will relate solely to an uncontested matter.
“ (2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.
“(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.
“(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.”
“DR 5-102. Withdrawal as Counsel When the Lawyer Becomes a Witness.
“(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101 (B) (1) through (4).
“(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.”

. One exception to this rule is that withdrawal is not required where to do so “would work a substantial hardship on the client” (DR 5-102 [A]; DR 5-101 [B] [4]; see, also People v Baldi, 54 NY2d 137, 149, n 1).

. As the motion for recusal is made before the trial begins, it may be difficult for the Trial Judge to ascertain the likelihood that the prosecutor’s conduct will be a material issue on the trial. A mere assertion by the defendant that this will be the case should, therefore, be generally insufficient to disqualify the prosecutor. By endeavoring to protect the rights of the defendant, we do not intend that he be given “veto power” over the District Attorney’s choice of prosecutor. The rule that we announce today will prevent the use of the recusal motion as a mere tactical strategy.

. Case law dealing with defense requests to call the prosecutor as a witness, particularly in the Federal courts, offers some guidance regarding the relevant considerations on a motion to recuse the prosecutor. When the defendant 'seeks *303 to call the prosecutor as a witness, the courts generally undertake an inquiry into both the nature of the testimony sought from the prosecutor and the issues on which it is sought, in order to determine its necessity to the defense. If the testimony sought relates to an undisputed or collateral issue, or is merely cumulative in nature, the request to call the prosecutor will and should be denied (see Fisher v United States, 231 F2d 99; Gajewski v United States, 321 F2d 261, cert den 375 US 968; Hayes v United States, 329 F2d 209; United States v Schwartzbaum, 527 F2d 249; cf. United States v Birdman, 602 F2d 547, cert den 444 US 1032). Moreover, the timeliness of the request is a relevant consideration (Hayes v United States, supra).

. Of course, if it appears that the court will grant, at this pretrial stage, defendant’s request to call the prosecutor as a witness and that the prosecutor will testify in defendant’s favor, this alone would suffice to disqualify the prosecutor from trying the case, under the advocate-witness rule.

. This relief may not suffice to avoid prejudice to defendant under some circumstances. For example, where the confession is video taped and will be played-.for the jury under circumstances where the prosecutor’s identity will be readily apparent, redaction may not serve to keep the fact of the prosecutor’s involvement from the jury (see, e.g., People v Bonilla, 101 Misc 2d 146).