■ GERALD TUCKER, as Executor of ARTHUR R. TUCKER, Deceased, Respondent, v HAROLD WEISSMAN, Appellant, et al., Defendants. — In an action to recover a debt, defendant Harold Weissman appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), entered April 1, 1982, as, upon reargument, adhered to its original determination that he would be required to disclose all information which might set forth grounds requiring disqualification of plaintiff's attorney. Order affirmed insofar as appealed from, without costs or disbursements. On the eve of trial, counsel for defendant Weissman announced that he had recently acquired information from an unnamed person which required him to call plaintiff's attorney as a hostile witness. Defendant Weissman has refused to disclose the information to his adversary and has maintained that this informant will in essence refute plaintiff's position at trial by testifying that plaintiff's attorney has knowledge of certain of the facts underlying this controversy. Based upon this undisclosed information, defendant Weissman moved to disqualify opposing counsel. Plaintiff cross-moved to compel disclosure. The pertinent provision of the Code of Professional Responsibility (DR 5-102, subd [B]) does not require disqualification where "a lawyer learns * * * that he * * * may be

called as a witness other than on behalf of his client * * * *until* it is apparent that his testimony *is or may be prejudicial to his client*" (emphasis supplied). Defendant Weissman acknowledges that plaintiff's attorney may deny or confirm the allegations of his unnamed witness. It is therefore abundantly clear that disqualification will be appropriate in this case only in the event that it becomes apparent that counsel's testimony wil¹ be contrary to his own client's interests (cf. *People v Paperno,* 54 NY2d 294, 300). It is somewhat disingenuous for a defendant to seek disqualification of opposing counsel based on information from an unnamed witness and simultaneously argue that the information is not subject to disclosure as material prepared for litigation (CPLR 3101, subd [d]). Plaintiff should not have to proceed to trial under the threat that his attorney might be required to disqualify himself in the middle of the proceedings. In our view plaintiff has made a sufficient showing that the failure to disclose the information will work substantial injustice and undue hardship. Upon disclosure Trial Term will be in a position to determine whether disqualification is warranted based on the nature of the information. Damiani, J. P., Lazer, Brown and Niehoff, JJ., concur.