■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON ORSE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Brennan, J.), rendered April 17, 1980, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. Defendant was found guilty of charges stemming from a robbery at a Key Food supermarket in Queens County. The cashier from whom the money was taken testified at trial that immediately after the robbery she gave

the police a description of the physical appearance and dress of the perpetrator. The next day she passed the defendant on the street, realized that he was the man who had robbed her and recognized him as a person with whom she had attended third grade and junior high school, approximately 18 and 13 years earlier, respectively. She also testified that three months prior to the robbery she had met defendant and engaged in a brief conversation with him. The cashier identified defendant in court as the man who had robbed her. Together with the testimony of the arresting officer and a rebuttal witness, this constituted the People's case. Defendant presented two witnesses, one of whom, Wanda Young, testified that the defendant was with her at the time of the robbery. Defendant argues that in view of the tenuous nature of the identification evidence, taken together with the alibi testimony, the People failed to establish his guilt beyond a reasonable doubt. We disagree. However, we do find that the identification is of sufficient uncertainty to warrant reversal based on other errors of which defendant complains, notwithstanding his failure to object to them at trial. Defendant argues that the People's rebuttal testimony was improperly admitted, as its sole purpose was to impeach the credibility of his main alibi witness. The rebuttal consisted of the testimony of an Assistant District Attorney, who testified as to a conversation he had had with the alibi witness, Wanda Young, at which time she allegedly stated, *inter alia,* that she was not certain which days she had seen defendant, that she determined when it was by reconstructing the time and day upon speaking with co-workers, and that she was trying to help defendant the best she could. Upon her cross-examination, Ms. Young had denied having made those statements. There can be no claim that the rebuttal testimony was for any purpose other than the impeachment of the credibility of Wanda Young. This court has repeatedly held that such rebuttal testimony is not properly received in evidence because it relates to a collateral issue (see *People v Allen,* 74 AD2d 640; *People v Tufano,* 69 AD2d 826; *People v Goggins,* 64 AD2d 717). Accordingly, error was committed in allowing the rebuttal witness to testify as he did at bar. The second error committed was permitting the testimony of the arresting officer that the complainant had identified defendant at the police station as the man that had robbed her. There can be no question that this statement improperly bolstered the victim's identification testimony and, as such, should have been excluded (see *People v Mobley,* 56 NY2d 584; *People v Trowbridge,* 305 NY 471). Moreover, this *Trowbridge* error cannot be deemed harmless, since the evidence of identity is not so strong that there is no substantial issue on the point: the evidence of identification cannot be considered " 'clear and strong' " (see *People v Mobley, supra,* p 585). We note as well that the court's charge further served to deprive defendant of a fair trial. The charge tended to place the burden upon the defendant to prove the truth of his alibi. A defendant need not prove the truth of his alibi in any way (see *People v Carreras,* 83 AD2d 590; *People v Griswold,* 72 AD2d 778). Furthermore, the court's statement that the alibi testimony should be carefully scrutinized was misleading, since a similar admonition was not given in the court's charge on the issue of identification (see *People v Carreras, supra; People v Fludd,* 68 AD2d 409). "A Trial Judge's instructions which are inadequate or not clear, or which tend to mislead, are well-recognized grounds for reversal" (see *People v Fludd, supra,* p 411). The nature of the errors committed at trial, in light of the closeness of the identification testimony, mandates a reversal in the interest of justice. Gibbons, J. P., Thompson, Weinstein and Rubin, JJ., concur.