■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBIN RIVERS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered August 28, 1980, convicting him of robbery in the first degree and assault in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Three men assaulted and robbed Angel Rosario on August 7, 1979, at approximately 9:30 P.M. At trial, Rosario testified that one of his assailants was five feet, six inches tall or more and weighed about 150 or more pounds. A typed copy of a report prepared by the officer who responded to the crime scene indicated that Rosario could not identify his assailants. Defendant was arrested after Rosario selected his photograph from an array shown to him on August 13, 1979. The other assailants were never apprehended. At trial, defendant took the stand and stated that he did not commit the crime. He testified that he spent a quiet evening with his family on the night in question. He remembered what he did on August 7, 1979, because (1) he was arrested on August 16, 1979 and at that time he could recall what he had done on the day of the crime, and (2) he had a job interview at Martin Paints on August 8, 1979. Over defense counsel's objection, the court allowed the prosecution to introduce rebuttal evidence to contradict defendant's testimony with respect to the interview with Martin Paints. Martin Paints' personnel manager testified, on rebuttal, that defendant's interview was on August 14, not August 8, 1979. Defendant contends that the People's rebuttal testimony was improperly admitted, as its sole purpose was to impeach his credibility. We agree. The rebuttal evidence did not disprove any material fact in issue. The issue before the jury was not the date of defendant's interview with Martin Paints, but whether he committed an assault and robbery on August 7, 1979. It has been repeatedly held that rebuttal testimony is not properly received in evidence where the purpose of the proffered testimony is the impeachment of a witness' credibility with respect to collateral issues (*People v Orse,* 91 AD2d 1003; *People v Goggins,* 64 AD2d 717). Therefore, the rebuttal testimony should not have been admitted. Evidence of defendant's guilt is not overwhelming. Rosario testified that he observed his attacker for 5 to 10 or more minutes from a distance of two feet away and that his assailant was five feet, six inches or more in height and weighed 150 or more pounds. Defendant is six feet, one inch tall and weighs 175 pounds. Also, the police report indicated that Rosario stated that he could not identify his assailants. Thus, the court's admission of the rebuttal testimony cannot be considered harmless error and a new trial is required (see *People v Crimmins,* 36 NY2d 230). Defendant was further prejudiced because the prosecutrix, in her summation, referred to matters not in evidence, and

called upon the jury to draw conclusions which are not fairly inferable from the evidence (see *People v Ashwal,* 39 NY2d 105). In an effort to explain the discrepancy between Rosario's description of his assailant's height and weight and defendant's actual height and weight, the prosecutrix argued (over defense counsel's objection which was sustained by the court), that Rosario testified through an interpreter and interpreters make mistakes. Beside the fact that there was no evidence to support the argument that this particular translator made a mistake, the prosecutor knew that Rosario spoke English and, therefore, could have corrected an error in translation if one was made. Furthermore, Rosario, even on redirect examination, insisted that he had given the height of his assailant as five feet, six inches or more. With regard to the notation on the typed police report that Rosario would not be able to make an identification, the prosecutrix stated that the police typist erred in transcribing the original. This assertion was also unsupported as there was no evidence to this effect put before the jury. At a sidebar conference the prosecutrix claimed to possess the original police report. She stated that on the original there was no indication that Rosario could not identify his assailant. While the court gave her permission to introduce it on rebuttal, she did not do so. Defense counsel failed to object to this error at trial, but this court may nevertheless consider it in the interest of justice (see *People v Orse, supra*). The nature of the errors committed at trial, in light of the closeness of this case, mandates reversal and a new trial. Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.