■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LESTER, Also Known as WILLIAM LESTER MITCHELL, Appellant. — Appeal from a judgment of the County Court of Sullivan County (Scheinman, J.), rendered August 26, 1981, upon a verdict convicting defendant of three counts of the crime of murder in the second degree. Defendant was indicted on three counts of murder in the second degree (Penal Law, § 125.25, subds 1, 3) after a July 17, 1980 arrest for the rape, sodomy and murder of one Aleta Brown. From the record, it appears defendant was observed holding the victim's wrist and leaning over to pick her up outside a tavern in which he had been drinking. The next afternoon Brown's nude body was discovered under a rock ledge behind the tavern. Her head had been severely battered and was covered with blood; she has also been manually strangled and a ligature, made of her bra and t-shirt, had been tightly wrapped around her neck. After his arrest, defendant initially denied any knowledge concerning the victim, but eventually admitted to having consensual sex with her. He stated that she became disruptive and, fearing a rape charge, he slapped her a few times, but that she was alive when he left her. The police seized blood-stained items hidden in the ceiling of defendant's room pursuant to a search warrant. Defendant's motion to suppress the evidence seized was denied after a hearing. At trial, defendant propounded two defenses: either that the victim's boyfriend had killed her because of her infidelity, or that defendant acted under extreme emotional disturbance if in fact he committed the acts. Principally, defendant urges that he was deprived of a fair trial. He contends the rebuttal testimony of District Attorney Joseph Jaffe, cocounsel to the prosecution, constituted an improper interjection of the prosecutor's own credibility into the trial. We disagree. The issue involved the testimony of defense witness Michele Smith, who corroborated defendant's story concerning the source of blood on some of his clothing. On both direct and cross-examination, Smith insisted defendant used a pillowcase to clean her foot wound. Jaffe's rebuttal testimony was offered to show she had previously stated in a pretrial interview attended by the prosecutor and defense counsel that defendant used a towel. Defense counsel objected, but made no motion to recuse Jaffe. We first note that the content of the rebuttal was entirely proper since it served to disprove defendant's explanation of the blood source (see *People v McCann,* 90 AD2d 554, 555). The serologist conceded on cross-examination that it was impossible to distinguish the source of the dried blood on the subject possessions as between Smith and the victim since their dried blood tested the same. The more troublesome issue concerns the introduction of rebuttal testimony through the District Attorney. Defendant contends that Jaffe's testimony violated the "unsworn witness rule", which provides that a "prosecutor may not inject his own credibility into the trial" (*People v Paperno,* 54 NY2d 294, 300). Unlike *Paperno,* however, this is not an instance where the prosecutor's pretrial conduct was shown to have been so significant as to require disqualification prior to commencement of the trial. Rather, the prospect of Jaffe testifying became apparent only after Smith testified. Under these circumstances, defendant was required to demonstrate

"a substantial likelihood that prejudice resulted from the prosecutor's participation in the trial" (*id.,* at p 296). Even though he made no previous presentation of evidence during the trial, the record confirms that Jaffe served as active cocounsel. The court admonished the jury that Jaffe would testify in his individual capacity only. As such, we note that Jaffe's testimony did not violate the advocate-witness rule embodied in the provisions of DR 5-101 (subd B) and 5-102 of the Code of Professional Responsibility (see *People v Paperno, supra,* p 299, n 4; *People v Baldi,* 76 AD2d 259, 276, revd on other grounds 54 NY2d 137). Inasmuch as the rebuttal testimony was clearly relevant, and the prosecution had no true alternative other than to put Jaffe on the stand, we perceive no violation of the advocate-witness rule. Moreover, the prosecutor's conduct did not become a material issue at trial (*People v Paperno, supra,* p 304; compare *People v Ortiz,* 54 NY2d 288, with *People v Vance,* 89 AD2d 347, 350). His rebuttal consisted solely of describing the prior contradictory statement of Smith. Furthermore, since defendant in both his statement and testimony admitted the blood on his outer clothing was that of the victim, the evidence of guilt is overwhelming. While it may have been preferable for Jaffe not to have testified, under the circumstances, we are of the view that defendant has not demonstrated a likelihood of prejudice sufficient to require a reversal of his conviction. Certain of defendant's other contentions warrant comment. While proof of polygraph tests is inadmissible in New York (*Pereira v Pereira,* 35 NY2d 301, 307), we find that objections to such reference were sustained and the curative instructions given were sufficient to dispel prejudice. We do not condone the prosecutor's elicitation of the testimony but find no error in the denial of a mistrial (see *Hall v Potoker,* 49 NY2d 501; *People v Michael,* 48 NY2d 1). Defendant has failed to sufficiently demonstrate prejudice from the untimely testing of blood on his clothing. Failure to object to the prosecutor's improper references to blood tests upon summation precludes review by this court. Finally, we find the trial court's charge sufficiently marshaled the evidence and provided appropriate instructions to the jury. We have examined all of defendant's remaining challenges and find them to be unavailing. Although certain errors, as noted above, may have been committed, it is self-evident that no trial is perfect, and having reviewed the entire record, we conclude that the improprieties have not served to deprive this defendant of a fair trial (see *People v Kingston,* 8 NY2d 384, 387). Judgment affirmed. Kane, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.