■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE GONZALEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Mirabile, J.), rendered December 9, 1981, convicting him of two

counts of robbery in the first degree, upon a jury verdict, and imposing sentence. ¶ Judgment reversed, on the law, and new trial ordered. ¶ In this close case, where the issue of identification was hotly contested, the erroneous admission of certain rebuttal testimony mandates a new trial. ¶ The complainants testified that the man who robbed them had an Afro hairstyle and a "little beard" as if he had not shaved for a day or two. ¶ Six alibi witnesses testified that defendant was with them on the night in question and that he did not have an Afro but a "DA" hairstyle; nor was he unshaven. Under cross-examination, several of the witnesses claimed that defendant had never worn an Afro or a beard. ¶ As rebuttal testimony, a neighbor of one of the alibi witnesses was permitted to testify over defense counsel's objection that on two occasions one to two weeks after the date of the crime he had seen defendant with medium length curly hair or a "polish Afro", and that defendant was unshaven. The admission of this testimony was error. ¶ The general rule is that the cross-examiner is bound by the answers of the witnesses concerning collateral matters (*People v Goggins,* 64 AD2d 717). The question of whether a matter is collateral or relevant to some issue must be determined under the particular circumstances of each case; no general principle can be laid down (see 3A Wigmore, Evidence [Chadbourn revision], § 1021). Here, the main issue in the case was one of identification. The question was how defendant appeared on the day of the robbery not one to two weeks thereafter. To be sure, had the prosecution offered evidence to show that defendant habitually went about unshaven or with an Afro, such evidence would have been probative as to defendant's appearance at the time in question (see Richardson, Evidence [Prince, 10th ed], § 185). However, evidence of habit was not offered by the prosecution. We further note that the defense did not elicit the alibi witnesses' testimony as to defendant's habitual appearance, clean shaven and without an Afro. This testimony was elicited by the prosecution. Hence, it could not be said that the rebuttal testimony refuted an issue raised by testimony offered by the defense (see *People v Harris,* 57 NY2d 335, 343-346; *People v McCann,* 90 AD2d 554). The rebuttal testimony's inferior probative value as to defendant's appearance on the day of the robbery leads us to the conclusion that it was not offered for any purpose other than to impeach the credibility of the alibi witnesses as to a collateral matter, and its admission was therefore improper (see *People v Orse,* 91 AD2d 1003). ¶ Defendant's other contention has been considered and found to be lacking in merit. Mangano, J. P., Gibbons, Weinstein and Niehoff, JJ., concur.