■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR STRAWDER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered August 11, 1983, convicting him of assault in the first degree, criminal possession of a weapon in the second degree and criminal use of a firearm in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed and case remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5).

On May 20, 1980, at approximately 10:05 P.M., the complainant in this case, Antonio Sang, was allegedly punched in the face and shot by the defendant, who apparently believed that the former had spoken out of turn with the latter's wife. Identified at trial by this single witness, the defendant sought to establish that Sang was mistaken in his identification testimony, and to this end produced a series of witnesses who testified to the effect that habitually during the operative time period, and, more specifically, on the day in question, the defendant had taken to wearing his hair in braids and was sporting a beard. By way of contrast, the complainant had indicated during his trial testimony that his assailant was clean shaven and that he had not worn his hair in braids.

On this specific issue, one of the defendant's witnesses, Joseph Bristol, testified, in pertinent part, that he had been visited by the defendant at approximately 10:45 on the night of the shooting, and that the latter's hair was braided at the time and that

he was wearing a beard. On cross-examination, however, the witness admitted that he had spoken by telephone to someone from the District Attorney's office on the preceding afternoon, and that he had indicated to the caller that the defendant was usually clean shaven and that he had never worn his hair in braids. The witness went on to explain, however, that the telephone call had awakened him, and that he was confused when he gave those answers.

Recognizing the crucial nature of this identification testimony and that it was "not totally collateral in light of the fact that so much emphasis [had been] based upon whether or not this defendant had braids and a beard on or about May 20", the trial court then permitted the prosecuting attorney to place the caller on the stand as a rebuttal witness, to testify, over objection, that Mr. Bristol had told him over the telephone that the defendant usually did not wear a beard, and that he had short hair and was clean shaven on the night in question. This witness, who was a summer law intern in the Kings County District Attorney's office, had been present at the prosecution's table throughout the trial and had absented himself on only one occasion, i.e., during Mr. Bristol's testimony. The defendant was subsequently convicted, *inter alia,* of assault in the first degree, and alleges, on this appeal, a series of errors, among them that the admission of this testimony constituted reversible error. We disagree and therefore affirm.

Criminal Term did not err in permitting the prosecutor's law intern to testify in rebuttal, for while it is axiomatic that a witness may not be contradicted by the introduction of extrinsic evidence regarding collateral matters for the sole purpose of impeaching his credibility (see, e.g., *People v Pavao,* 59 NY2d 282, 288-290; *People v Rivers,* 96 AD2d 874), the fact remains that where, as here, identification is the only substantial issue in the case, and the defense has endeavored to prove the defendant's appearance both on the night in question and as a matter of habit through the use of its own witnesses, the question of that appearance has become a hotly contested, relevant issue which is clearly material to the proper resolution of the identification question, and cannot be regarded as collateral (see 3A Wigmore, Evidence [Chadbourn revision, 1970], § 1021; cf. *People v Pavao, supra; People v Rivers, supra*). As the Court of Appeals noted in *People v Harris* (57 NY2d 335, 345, citing *Ankersmit v Tuch,* 114 NY 51, 55), an adversary " 'may contradict the testimony of a[n opponent's] witness as to any matters upon which he has been called to give evidence in chief, provided it is not collateral to the issue' ". Having endeavored to prove

that his appearance on the night in question was thoroughly inconsistent with the complainant's identification testimony, the defendant cannot now be heard to complain that the introduction of rebuttal evidence through the use of a prior inconsistent statement to refute the testimony of one of his own witnesses on the very issue on which the latter was summoned to give evidence was improper (see *People v Harris, supra,* pp 343-346, *supra; People v Gonzalez,* 100 AD2d 852; 3A Wigmore, Evidence [Chadbourn revision, 1970], § 1021).

As for the further contention that the introduction of such evidence through the testimony of an ostensible member of the "prosecutorial team" may well have operated to the defendant's detriment, we can only state that we decline to adopt any per se rule which would equate such testimony on the part of a summer intern who happened to be seated at counsel's table and who did not otherwise participate in the trial with a violation of the so-called "advocate witness" rule (see *People v Paperno,* 54 NY2d 294, 300; *United States v West,* 680 F2d 652, 654-655; cf. *People v Lester,* 99 AD2d 611). Moreover, the fact remains that the intern was the only witness who was capable of delivering the rebuttal evidence in this case (see *People v Lester, supra*).

We have considered the defendant's remaining contentions and find them to be without merit. Lazer, J. P., Gibbons, Brown, Boyers and Eiber, JJ., concur.