■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DINO MEDINA, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered June 27, 1985, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), criminal use of a firearm in the first degree (two counts), grand larceny in the second degree, and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence at trial tying the defendant to the service station robbery for which he was charged was the identification testimony of the three complaining witnesses. All three identified the defendant in court as one of the robbers and insisted that he had a goatee or small beard at the time of the robbery. Another witness for the People, the arresting officer, testified that when the defendant was taken into custody some three months after the crime, he had facial hair over his lip and down along the side of his chin; the officer conceded, however, that this growth of hair was possibly only the result of several days of not shaving. Two other police witnesses (one of whom was called by the defense) testified, however, that no mention of facial hair was contained in the description of the robber in question taken from the complainants shortly after the crime. The facial hair issue was further focused upon by the defense during the testimony of the defendant's alibi

witnesses, who stated that the defendant was not only elsewhere on the night of the crime, but also had no facial hair at the time. The prosecutor then elicited from these witnesses, on cross-examination, testimony that the defendant had never worn a goatee, including specifically the period between the date of the crime and the defendant's arrest. Following this testimony, the People were permitted, over objection, to offer the rebuttal testimony of a police officer that he had seen the defendant some six weeks after the crime and that the defendant at that time had a full mustache and chin whiskers. On appeal, the defendant contends that this rebuttal testimony was improperly allowed as it did not contradict an affirmative fact sought to be proved by the defense and was collateral to the question of what the defendant looked like on the day of the crime *(see, People v Harris,* 57 NY2d 335, 345, *cert denied* 460 US 1047; *People v Gonzalez,* 100 AD2d 852).

It is well established that the party who is cross-examining a witness cannot call other witnesses to contradict a witness's answers concerning collateral matters solely for the purpose of impeaching that witness's credibility *(People v Pavao,* 59 NY2d 282, 288-289). It is also settled, however, that the question of whether a matter is collateral or not must be determined under the particular circumstances of each case; no general principle can be laid down *(People v Gonzalez, supra).* Here, the issue of whether the defendant may have worn a goatee on the day of the crime was the focus of much testimony at trial and was crucial to the question of identification, such that the evidence offered on rebuttal could not be considered collateral *(see, People v Strawder,* 106 AD2d 672; *but see, People v Gonzalez, supra).* It remains, nonetheless, that the testimony would not be permissible as rebuttal evidence unless it was in contradiction of an affirmative fact that the defense had endeavored to prove *(see, People v Harris, supra,* at 345; *cf., People v Strawder, supra; People v Gonzalez, supra).* In this case, the test is satisfied, because the rebuttal testimony went to more than just the question of habit or of the defendant's appearance several weeks after the crime *(cf., People v Gonzalez, supra).* Unlike a change in hairstyle or growth of stubble, which can occur over a matter of days or hours, a beard, mustache or goatee can take weeks to grow and tends to remain part of one's appearance for a period of time. Thus, the testimony that the defendant had a well-developed goatee some six weeks after the crime goes beyond the realm of habit evidence and must be considered directly relevant to the issue of the defendant's appearance on the day of the crime.

Even assuming, arguendo, that the challenged testimony was not technically of a rebuttal nature, the trial court could nevertheless have properly permitted its introduction in the interests of justice (see, CPL 260.30 [7]; *People v Harris, supra,* at 345-346; *People v O'Dell,* 111 AD2d 937). The testimony was relevant to a crucial issue in the case, and while it could have been offered on the People's direct case, its introduction on rebuttal did not unduly prejudice the defendant in this instance.

With respect to the defendant's remaining contention, we find nothing in the record to support his claim that he was denied a fair trial by the court's refusal to change interpreters (see, *People v Rolston,* 109 AD2d 854). Thompson, J. P., Lawrence, Weinstein and Rubin, JJ., concur.