■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO TORRIENTE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (DiTucci, J.), rendered October 15, 1985, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

While the evidence adduced at trial was of sufficient quantity and quality to support the verdict, the issue of the defendant's guilt turned solely upon the credibility of the witnesses. The prosecutor's case hinged upon the testimony of a young boy, who stated that he had seen the defendant in possession of a gun, and the arresting officers' testimony that the defendant was in possession of a gun at the time of his arrest. On the other hand, the defendant's witnesses, who saw the arrest, testified, in pertinent part, that the defendant was not in possession of a gun at the time of his arrest. In light of

the jury's crucial evaluation of the witnesses' credibility, we agree with the defendant that he was deprived of a fair trial because of several prejudicial errors committed during the trial.

During the cross-examination of one of the arresting officers, the defense counsel elicited the fact that after his arrest, the defendant was taken to a hospital, where he was purportedly identified by a shooting victim. In attempting to discredit the officer's testimony, the defendant called the shooting victim, who testified that he had not identified the defendant at the hospital. Thereafter, during the cross-examination of the shooting victim, the prosecutor asked misleading and prejudicial questions regarding the witness's alleged drug use *(cf., People v Torres,* 119 AD2d 508).

Further, while questioning the defendant, the prosecutor improperly implied that the defendant had entered the country illegally or had been deported from Cuba, by asking him five times how he entered the country, and whether he had left Cuba "at the request of Castro" *(see, People v Simpson,* 109 AD2d 461, 464, 470, *appeal dismissed* 67 NY2d 1026; *People v Hicks,* 102 AD2d 173, 182; *cf., People v Diaz,* 118 AD2d 651, 652, *lv denied* 68 NY2d 769).

In addition, the prosecutor called as a rebuttal witness a detective, who testified, in relevant part, that nearly a year after the incident, the defendant did not live at the address he had previously supplied to the police. This evidence was not properly admitted since it was clearly irrelevant to any material fact in issue *(see, People v Rivers,* 96 AD2d 874; *People v Orse,* 91 AD2d 1003).

Finally, the defendant was prejudiced by numerous statements made during the prosecutor's summation, which the respondent concedes "is not deserving of accolades and some remarks would have been better left unsaid". Specifically, we note that the prosecutor improperly referred to the defense counsel's summation as "a story", which was a "Reader's Digest version" of the testimony; and stated that the jury should "not go into the twilight zone to draw some unreasonable conclusion that [defense counsel] would ask you to draw from the evidence". The prosecutor further referred to the defendant's testimony as "hogwash", and "what anybody accused of a crime would say". Additionally, the prosecutor argued that the shooting victim could not be believed because "if [he] told you your own name you would look in your wallet and pull out your driver's license to check" *(see, People v*

*La Rosa,* 112 AD2d 954, 955; *People v Torres,* 111 AD2d 885, 886-887).

While some of the noted improprieties were not preserved for our review as a matter of law and the trial court did give certain curative instructions, we find that the cumulative effect of all of these errors necessitates a reversal and a new trial.

In light of our determination, we need not reach the other contentions raised by the defendant. Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.