(October 22, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRANVILLE BOST, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered May 13, 1985, upon a verdict convicting defendant of the crimes of assault in the second degree and attempted escape in the third degree, and the offense of disorderly conduct.

Defendant was convicted after a jury trial of assault in the second degree, attempted escape in the third degree and disorderly conduct following a series of altercations with two City of Hudson police officers on June 2, 1984. On this appeal, defendant maintains that he was deprived of a fair trial in that the officers were allowed to testify that he acted under the influence of cocaine, an assertion constituting inadmissible evidence of an uncharged crime. Upon our review of the record, we find the contention without merit.

Defendant acknowledges that it was entirely acceptable for both officers to express an opinion as to defendant's intoxication to explain his erratic behavior (see, Richardson, Evidence § 364 [h], at 332-333 [Prince 10th ed]). Defendant maintains, however, that the officers were not qualified to hypothecate that he acted under the influence of a particular illegal substance, i.e., cocaine, for such testimony raised the spectre of an uncharged crime. The People concede that these officers were unqualified to identify defendant's use of a particular substance (see, People v Kenny, 30 NY2d 154, 156-157). The purport of their testimony, however, was not to identify a specific drug, but simply to explain defendant's behavior. Moreover, the only specific reference to cocaine use occurred in response to an inquiry from County Court as follows:

"Q. Was his behavior such that according to your experience you would conclude it was the behavior of an intoxicated individual?

"A. Not so much as far as alcohol intoxication. My feeling was that he was very high on cocaine. That was consistent with the way you would act if you were that drugged up."

Although no objection was raised, County Court cautioned the jury that defendant was not on trial for substance abuse and that the officer's testimony was relevant only insofar as it pertained to defendant's behavior. We find that the instruction adequately dissipated any prejudice (see, People v De Mauro, 48 NY2d 892, 893). And while defendant complains that the court failed to render an appropriate charge on the

use of this testimony, no pertinent requests to charge were made and no exception was taken to the charge given (see, supra). No trial is perfect, and our review of the entire record confirms that the reference to cocaine use was not so prejudicial as to have deprived defendant of a fair trial (see, People v Kingston, 8 NY2d 384, 387; People v Lester, 99 AD2d 611, 612).

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.