■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD B. ZIARNO, Appellant.—Kane, J. Appeal from a judgment of the County Court of Schuyler County (Callanan, Sr., J.), rendered August 3, 1987, upon a verdict convicting defendant of the crime of operating a motor vehicle while under the influence of alcohol and the offense of failure to stop at a stop sign.

At about 2:05 A.M. on October 30, 1986, defendant was operating his 1979 Oldsmobile car on the public highway in the Village of Watkins Glen, Schuyler County, when he proceeded through a stop sign at an intersection in the plain view of Officer David Waite of the Watkins Glen Police Department. Defendant was thereupon stopped by Waite and, as Waite approached the vehicle, defendant exited his car, approached Waite and in response to Waite's request to see his driver's license and registration, blurted, "I know. I ran the stop sign." At this point, Waite observed that defendant took longer than usual to produce his license, his eyes were watery and bloodshot, and his breath had a strong odor of alcohol. When asked if he had anything to drink that night, defendant stated he had five or six beers. Waite then asked him to perform the roadside sobriety test, in the course of which defendant lost his balance and fell backwards into the patrol car. After an Alco-Sensor test was administered, Waite concluded that defendant was intoxicated, read him the chemical test warnings and placed him under arrest for operating a motor vehicle while under the influence of alcohol. Defendant agreed to take a chemical test and was removed to the Police Department for that purpose. However, after the breathalyzer test warnings were read to defendant and although asked several times, he did not respond to the question of whether he would take either the breathalyzer or blood tests. His failure to respond was entered as a refusal.

Thereafter, defendant asserted allegations of misconduct against Waite. The matter was presented to the Grand Jury to

consider charges against Waite and defendant, both of whom executed waivers of immunity and testified. Defendant was indicted for the charges upon which he stands convicted; Waite was exonerated. Defendant was sentenced to six months in the County Jail. His driver's license was revoked and he was ordered to pay a fine.

On this appeal, defendant raises a number of issues seeking reversal of his conviction. Among them is the contention that County Court erred in denying defendant's request to call the District Attorney as a witness. The request was founded upon a claim of bias, prejudice and selective enforcement on the part of the District Attorney, resulting from matters that occurred in 1978 involving defendant, the District Attorney and the local Chief of Police, together with an alleged current conversation between defendant and the District Attorney in regard to plea bargaining. County Court conducted an extensive hearing into the matter and concluded that the District Attorney was not a material witness on any relevant issue in the case. This conclusion and the procedures followed by County Court were correct in all respects (see, People v Paperno, 54 NY2d 294, 302-303). We also reject defendant's related claim that the prosecution of his case by the District Attorney was in violation of the Code of Professional Responsibility as totally without merit.

We have examined all the other issues raised by defendant, including those related to the prosecutor's questioning of defendant before the Grand Jury, the conduct of the trial, the rulings of County Court, the weight of the evidence, the question of effective assistance of counsel and the severity of the sentence, and find them all to be equally without merit.

Judgment affirmed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.