■ In the Matter of T.-B. CHILDREN, Alleged to be Neglected. RUSUL T.-B. et al., Appellants; COMMISSIONER OF SOCIAL SERVICES, Respondent.—Order, Family Court, New York County (Judith Sheindlin, J.), entered on or about April 19, 1988, which, *inter alia,* placed the subject children in the custody of the Commissioner of Social Services for a period of 18 months, unanimously affirmed. The appeal from the fact-finding order of the same court entered on or about February 3, 1988 is unanimously dismissed as superseded by the order of April 19, 1988, without costs.

The Family Court properly denied respondents-appellants' motion to disqualify the Assistant Corporation Counsel from prosecuting the petition on behalf of the Commissioner. Standing alone, the fact that the assistant had testified against respondents-appellants before a Grand Jury in connection with criminal charges brought against respondents-appellants did not compel disqualification. The assistant's Grand Jury

testimony was not with respect to matters of which she had personal knowledge and, consequently, it has not been demonstrated that the assistant would have been called as a trial witness in any criminal proceedings, necessitating disqualification. *(See generally, People v Paperno,* 54 NY2d 294.)

Likewise, the court committed no abuse of discretion in admitting into evidence at the dispositional hearing photographs taken of one of the children at the hospital, reflecting injuries sustained at the hands of respondents-appellants. Notwithstanding that the photographs had become partially obliterated by ink (the result of the clerk's stamp on each exhibit upon admission into evidence), a police officer provided competent foundation testimony that the photographs were a fair and accurate representation of the condition of the child at the time the photographs were taken. *(Gallo v Supermarkets Gen. Corp.,* 112 AD2d 345, *lv denied* 66 NY2d 605.) Concur—Kupferman, J. P., Carro, Asch and Wallach, JJ.