■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHADWICK STRICKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered September 26, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The record of the *Wade* hearing in this case fails to sustain the defendant's contention that the police engaged in an impermissibly suggestive precinct showup in order to obtain an identification of the defendant. Rather, the record demonstrates that an eyewitness to the crime viewed the defendant when the defendant and several other individuals entered the precinct to answer questions concerning the homicide. This encounter was inadvertent. Accordingly, inasmuch as no police-arranged identification procedure was employed, the hearing court properly denied the defendant's application to suppress the identification testimony of the witness.

The defendant's assertion that he had been placed under arrest illegally prior to the identification is likewise entirely unsupported by the record. The uncontradicted testimony of the arresting officer demonstrated that the defendant and his companions voluntarily and without objection consented to accompany the police to the station house to answer questions, and that the defendant was not placed in custody until after the witness identified him. The mere fact that the defendant may have felt obliged to cooperate with the police in order to maintain an appearance of innocence does not call for a different conclusion *(see, People v Prahl,* 124 AD2d 607).

The People were properly permitted to present rebuttal testimony in response to the evidence adduced by the defense. Moreover, even if we were to find that the testimony was not technically of a rebuttal nature, we would nevertheless conclude that the trial court properly permitted its introduction into evidence in the exercise of its sound discretion *(see,* CPL 260.30 [7]; *People v Harris,* 57 NY2d 335, 346, *cert denied* 460 US 1047; *People v Medina,* 130 AD2d 515; *People v O'Dell,* 111 AD2d 937).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Bracken, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.