■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RON GREEN, Appellant. [602 NYS2d 928] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Hillery, J.), rendered December 20, 1990, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the trial, the defendant's girlfriend testified on his behalf and denied telling the police that the defendant was involved in selling drugs. A police detective was permitted to testify, over the defendant's objection, to refute the girlfriend's denial. Because the girlfriend's testimony was related to the issue of whether the defendant intended to sell drugs, which was an element of the crime charged, the jury was entitled to hear the prior inconsistent statement in order to fully assess her credibility (see, People v Wise, 46 NY2d 321, 327-328).

The defendant's argument that the evidence was legally insufficient to support his conviction is not preserved for appellate review (see, People v Udzinski, 146 AD2d 245, 250). In any event, viewing the evidence adduced at trial in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620, 621), we are satisfied that it was legally sufficient to establish beyond a reasonable doubt that the defendant intended to sell the cocaine found in his apartment. Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80). Thompson, J. P., Lawrence, Santucci and Joy, JJ., concur.