■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CANNADY, Appellant. [663 NYS2d 244] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered April 25, 1995, convicting him of assault in the second degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant was convicted of assault in the second degree for his reckless assault upon his five-week-old daughter, who suffered brain damage as a result of the assault.

The defendant contends that his statements made to the police were the result of police deception and trickery and should have been suppressed. Before obtaining the defendant's statements, the police informed his family that the custody of the infant would be affected by the defendant's cooperation with

the police. The defendant has failed to show that this was deceptive or so fundamentally unfair as to deny him due process (*see, People v Tarsia,* 50 NY2d 1; *People v Darvie,* 224 AD2d 442). Moreover, the conduct of the police did not render the confession involuntary (*see, People v Foster,* 193 AD2d 692; *People v Hassell,* 180 AD2d 819, 820).

The prosecutor's participation in eliciting the defendant's videotaped statement did not require her disqualification at trial, because the defendant failed to make a significant showing that the prosecutor's pretrial conduct would become a material issue at trial. Nor did the defendant demonstrate a substantial likelihood of prejudice from the prosecutor's participation at trial (*see, People v Paperno,* 54 NY2d 294; *People v Williams,* 231 AD2d 751).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit or do not warrant reversal. Thompson, J. P., Sullivan, Joy and Florio, JJ., concur.