THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON FERGUSON, Appellant. [790 NYS2d 237]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County, (McGann, J.), rendered February 25, 2003, convicting him of murder in the second degree, criminal possession of a weapon in the third degree, and tampering with physical evidence, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the prosecutor engaged in misconduct during the cross-examination of one of his witnesses is largely unpreserved for appellate review (*see People v Hobbs,* 1 AD3d 610 [2003]; *People v Hunte,* 276 AD2d 717 [2000]; *People v Green,* 272 AD2d 341 [2000]). In any event, the defendant was not deprived of a fair trial by the allegedly improper conduct (*see People v Hunte, supra; People v Green, supra*).

The defendant failed to demonstrate a substantial likelihood of prejudice when one of the prosecutors testified in rebuttal, solely to authenticate an audiotape of a conversation with a defense witness (*see People v Paperno,* 54 NY2d 294 [1981]; *People v Cannady,* 243 AD2d 642 [1997]; *People v Strawder,* 106 AD2d 672 [1984]; *People v Lester,* 99 AD2d 611 [1984]).

The defendant's contention that the trial court erred in permitting the People to introduce the audiotape in rebuttal is unpreserved for appellate review (*see People v Bailey,* 12 AD3d 377 [2004], *lv denied* 4 NY3d 741 [ 2004]; *People v Maldonado,* 212 AD2d 808 [1995]). In any event, the audiotape was properly admitted since it contradicted the testimony of the defense witness regarding the issue of self-defense. Although the audiotape tended to impeach the credibility of the witness, it was not collateral, since it related to a material issue in the case (*see People v Wise,* 46 NY2d 321 [1978]; *People v Rosario,* 298 AD2d 244 [2002]; *People v Wilson,* 297 AD2d 298 [2002]; *People v Green,* 197 AD2d 704 [1993]). Krausman, J.P., Mastro, Rivera and Skelos, JJ., concur.