■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONICA JIMENEZ, Appellant. [938 NYS2d 891]—

Judgment, Supreme Court, Bronx County (Barbara F. Newman, J.), rendered July 15, 2009, convicting defendant, after a nonjury trial, of harassment in the second degree, and sentencing her to a conditional discharge, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). The court was free to accept or reject any part of the victim's testimony; there is no basis for disturbing the court's determination to credit that testimony in part. The fact that the court acquitted defendant of other charges does not warrant a different result (*see People v Rayam*, 94 NY2d 557 [2000]).

Defendant's claim that the prosecutor violated the advocate-witness rule (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [former Code of Professional Responsibility DR 5-102 (a) (22 NYCRR 1200.21 [a])]), as well as defendant's related claims of prosecutorial misconduct, are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Without objection, the trial prosecutor made a factual statement to the court concerning a matter within the prosecutor's personal knowledge. There was no substantial likelihood of prejudice to defendant resulting from the prosecutor's continued participation (*see People v Paperno*, 54 NY2d 294 [1981]), particularly since this was a nonjury trial (*see People v Moreno*, 70 NY2d 403, 406 [1987]). The remaining claims of prosecutorial misconduct are without merit. Concur—Tom, J.P., Friedman, Acosta, DeGrasse and Román, JJ.