■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD LEE CALHOUN, Appellant.—Judgment unanimously affirmed. Memorandum: Although the court improperly received in evidence at the *Huntley* hearing the tape recording

of a telephone conversation and the signed statement of a codefendant, we affirm its denial of defendant's motion to suppress his oral admissions and written statement. The tape recording of the telephone conversation between Lynn Clough, defendant's girlfriend, and Detective Edward Simser, who conducted defendant's interrogation, and the statement of codefendant Donald Calhoun, were inadmissible in evidence since they were offered by the People for the collateral purpose of impeaching the credibility of defendant's witnesses who testified at the hearing (see, People v Orse, 91 AD2d 1003, 1004). Moreover, this evidence falls outside the scope of CPL 710.60 (4) which permits the admission of hearsay evidence at a suppression hearing "to establish any material fact" because neither the tape recording nor the statement was offered or admitted for this purpose (see, People v Harris, 57 NY2d 335, 345, cert denied 460 US 1047). However, an examination of the record reveals that the suppression court's determination was not against the weight of the evidence. The People met their burden to establish that defendant's statements were made voluntarily (CPL 60.45) and before an attorney had entered the proceeding to represent him on the charges under investigation. The tape recording and statement neither added to nor detracted from the direct proof offered by the People through the police officers who testified that defendant was fully advised of his *Miranda* rights, which he knowingly, intelligently and voluntarily waived, that no lawyer had undertaken to represent him before the admissions were made, that he did not make an uncounseled waiver and that the admissions were not involuntarily made. We have examined other issues raised by defendant and find them to be without merit. (Appeal from judgment of Jefferson County Court, Aylward, J. —burglary, third degree.) Present—Dillon, P. J., Callahan, Boomer, Green and Schnepp, JJ.