■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON IRIZARRY, Appellant.—Judgment unanimously af-

firmed. Memorandum: Defendant contends that the trial court erred in admitting eight taped conversations. Seven of these conversations, though involving uncharged crimes, were properly admitted to establish defendant's intent knowingly to possess over two ounces of cocaine (see, People v Molineux, 168 NY 264, 293; see also, People v Marino, 271 NY 317, 323). We agree, however, with defendant that the eighth conversation, to which defendant was not a party, was improperly admitted as it was hearsay (see, Richardson, Evidence § 200 [Prince 10th ed]). The trial court also erred in admitting a taped conversation offered by the People on rebuttal for the purpose of impeaching the credibility of defendant's witness (People v Calhoun, 120 AD2d 936; People v Orse, 91 AD2d 1003, 1004). Nonetheless, the People's proof being overwhelming, these errors were harmless, as we find no significant probability that the jury would have acquitted defendant had this evidence not been admitted (People v Crimmins, 36 NY2d 230, 242). Defendant further contends that he was deprived of a fair trial by prosecutorial misconduct during summation. Having reviewed the prosecutor's conduct, we cannot say defendant was deprived of a fair trial (People v Roopchand, 107 AD2d 35, 36, affd 65 NY2d 837).

We have considered defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Livingston County Court, Cicoria, J.—criminal possession of controlled substance, second degree.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.