■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN R. DAVIS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted after a jury trial of one count each of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]) and unlawful possession of marihuana (Penal Law § 221.05). On appeal, defendant contends that the trial court erred in failing to charge criminal possession of a controlled substance in the seventh degree as a lesser included offense of the former crime. We disagree. Defendant's contention is premised upon the alleged discrepancy in the number of clear plastic bags of cocaine seized at the time of his arrest and the number of such bags analyzed at the police laboratory. Even if there was an actual discrepancy, it would bear exclusively on the weight that the evidence should be given rather than its sufficiency *(see, People v White,* 40 NY2d 797, 799-800; *People v Martinez,* 151 AD2d 965, *lv denied* 74 NY2d 814). Moreover, in light of the testimony concerning the size of each of the bags, whether there were 26 or 27 bags is immaterial with respect to the statutory definitions of the possessory crimes. Thus, because there was no reasonable view of the evidence that defendant possessed cocaine in an amount less than ⅛ ounce, the trial court did not err in refusing to charge the lesser offense *(see, People v Glover,* 57 NY2d 61, 63).

Defendant also complains that the People were allowed to impeach their witness, Willie Tyler. Although Tyler's testimony may not have been consistent, any inconsistency therein was not damaging to the People's case because of the theory upon which it was tried, i.e., constructive possession. Thus, the impeachment of Tyler should not have been permitted by the trial court *(see,* CPL 60.35; *People v Fitzpatrick,* 40 NY2d 44, 50). However, in light of the overwhelming evidence of defendant's guilt, this error was harmless *(see, People v Crimmins,* 36 NY2d 230).

We have examined defendant's other contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Criminal Possession Controlled Substance, 4th Degree.) Present—Dillon, P. J., Boomer, Pine, Balio and Lowery, JJ.