■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY HIGHSMITH, Also Known as BIRD, Appellant. [671 NYS2d 883] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Erie County Court for resentencing in accordance with the following Memorandum: Defendant's conviction of multiple counts of drug-related offenses is supported by legally sufficient evidence and is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Contrary to defendant's contention, County Court did not abuse its discretion in closing the courtroom during the testimony of an undercover officer. During an in camera hearing, the People presented proof that the officer was involved in ongoing undercover investigations in Erie County and that her

safety could be jeopardized if she testified in public (*see, People v Mason*, 216 AD2d 149, 149-150, *lv denied* 86 NY2d 797; *People v Arroyo*, 208 AD2d 940, *lv denied* 84 NY2d 1009; *People v Washington*, 179 AD2d 1002, *lv denied* 79 NY2d 1009). We further conclude that the court properly denied defendant's request to charge lesser included offenses to criminal possession of a controlled substance in the first degree under count one of the indictment. No reasonable view of the evidence would support a finding that defendant committed the lesser offenses but not the greater (*see, People v Corbitt*, 221 AD2d 809, 811; *People v Davis*, 170 AD2d 1006, *lv denied* 77 NY2d 994; *People v Nelson*, 144 AD2d 714, 717, *lv denied* 73 NY2d 894).

Defendant contends that reversal is required because he did not consent to the annotated verdict sheet provided to the jury. Defense counsel was involved in the preparation of the annotated verdict sheet and did not object to its contents, and thus defendant impliedly consented to its submission (*see, People v Daniels*, 244 AD2d 867; *People v Fecunda*, 226 AD2d 474, 475, *lv denied* 88 NY2d 936). We likewise reject defendant's contention that the court erred in admitting into evidence a composite tape recording of various telephone calls made or received by defendant or codefendant. Although the tape recording included conversations involving uncharged drug crimes, it was properly admitted to prove that defendant knowingly possessed over four ounces of cocaine with the intent to sell it (*see, People v Stephens*, 209 AD2d 999, *lv denied* 84 NY2d 1039; *People v Irizarry*, 126 AD2d 982, 983, *affd* 70 NY2d 816).

The court failed, however, to sentence defendant properly as a second felony offender under counts 2, 9, 10, 11, 12, 16 and 17 of the indictment (*see*, Penal Law § 70.06). Because the sentences imposed on those counts are illegal, we modify the judgment by vacating those sentences and remitting the matter to Erie County Court for resentencing on those counts (*see, People v Sanchez*, 244 AD2d 922). Finally, defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, Rogowski, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Denman, P. J., Lawton, Wisner, Balio and Fallon, JJ.