■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BASKWALI WILLIAM, Appellant. [903 NYS2d 841]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered February 17, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree (two counts) and criminally using drug paraphernalia in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]). Defendant contends that the evidence is not legally sufficient to support the conviction of criminal possession of a controlled substance in the third degree under the second count of the indictment (§ 220.16 [12]). Defendant failed to preserve that contention for our review inasmuch as his motion for a trial order of dismissal was not specifically directed at the alleged error raised on appeal (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, we reject defendant's contention (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The People presented evidence establishing that defendant was discovered by the police in a room within three feet of drugs that were in open view and thus that he possessed them pursuant to the drug factory presumption (see Penal Law § 220.25 [2]). Furthermore, under "the particular facts of this case, the jury could . . . infer that, if the drugs to which the statutory presumption applied were part of the drug factory's supply, all the contraband found must have been controlled by the factory's operatives" (People v Bundy, 90 NY2d 918, 920 [1997]), including defendant. Viewing the evidence in light of the elements of criminal possession of a controlled substance in the third degree under the second count of the indictment as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect thereto is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).

Contrary to the further contention of defendant, County Court properly denied his request for a jury instruction on criminal possession of a controlled substance in the seventh degree

as a lesser included offense of the second count of the indictment "because there was no reasonable view of the evidence to support a finding that the weight of the crack cocaine [possessed by defendant] was less than" one-half ounce (*People v Evans*, 37 AD3d 847, 848 [2007], *lv denied* 9 NY3d 843 [2007]; *see People v Highsmith*, 248 AD2d 961 [1998], *lv denied* 91 NY2d 1005, 1008 [1998]; *People v Palmer*, 216 AD2d 883 [1995], *lv denied* 86 NY2d 799 [1995]; *see generally People v Glover*, 57 NY2d 61, 63 [1982]). Present—Martoche, J.P., Smith, Centra, Sconiers and Pine, JJ.