# SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

673

KA 10-01095

PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

NATHANIEL JOHNSON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered March 23, 2010. The appeal was held by this Court by order entered October 7, 2011, decision was reserved and the matter was remitted to Supreme Court, Erie County, for further proceedings (88 AD3d 1293). The proceedings were held and completed.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: We previously held this case, reserved decision and remitted the matter to Supreme Court "to determine, following a hearing if necessary, whether defense counsel consented to the annotated verdict sheet" (*People v Johnson*, 88 AD3d 1293, 1295). We determined in our prior decision that defendant's remaining contentions lacked merit (*id.*). Upon remittal, the court determined following a reconstruction hearing that defense counsel impliedly consented to the annotated verdict sheet, which included the language "an armed felony" with respect to robbery in the first degree, the only crime charged in the indictment. We reject defendant's present contention that the determination of implied consent is not supported by the record.

Although generally "the lack of an objection to the annotated verdict sheet by defense counsel cannot be transmuted into consent" (*People v Damiano*, 87 NY2d 477, 484), it is well settled that consent to the submission of an annotated verdict sheet may be implied where defense counsel "fail[s] to object to the verdict sheet after having an opportunity to review it" (*People v Knight*, 280 AD2d 937, 940, *lv denied* 96 NY2d 864; *see People v Washington*, 9 AD3d 499, 500-501, *lv denied* 3 NY3d 675, 680, 682; *People v Highsmith*, 248 AD2d 961, 962, *lv denied* 91 NY2d 1005, 1008). Here, the court's confidential law clerk testified at the reconstruction hearing that he provided defense

counsel and the prosecutor with a copy of the annotated verdict sheet at the close of proof and instructed the attorneys to let him know if they had any objections.  The law clerk further testified that neither defense counsel nor the prosecutor thereafter objected to the verdict sheet, which was submitted to the jury the following day.  The law clerk's testimony was corroborated by the prosecutor, who recalled having received a copy of the annotated verdict sheet from the law clerk during a conference with defense counsel at the close of proof.  The law clerk's testimony was also corroborated by the fact that defense counsel had a copy of the charge list and annotated verdict sheet in his case file.  The mere fact that defense counsel did not recall having received the annotated verdict sheet or having discussed it with the law clerk does not directly contradict the law clerk's testimony, which the court apparently credited.

Because defense counsel had an "opportunity to review" the annotated verdict sheet well before it was submitted to the jury and did not object to it, we conclude that the court properly determined that defendant impliedly consented to its submission to the jury (*Knight*, 280 AD2d at 940; *see Highsmith*, 248 AD2d at 962; *cf. People v Gerstner*, 270 AD2d 837).

Entered:  June 15, 2012                    Frances E. Cafarell
                                           Clerk of the Court