■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNOLD JACKSON, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered July 24, 1981, convicting him of sodomy in the first degree, upon a jury verdict, and imposing sentence. ¶ Judgment affirmed. ¶ Defendant stands convicted of sodcmizing an 11-year-old boy in May, 1977. On the instant appeal, defendant argues that the trial court committed reversible error when it denied defense counsel the right to call a school psychologist, who had examined the complainant periodically for several years prior to the crime, to testify as a defense witness regarding the complainant's medical capabilities. ¶ We disagree with defendant's argument. It is beyond cavil that the right to present evidence is essential to a fair hearing required by the due process clause (*Jenkins v McKeithen,* 395 US 411, 429). In this State, the constitutional right to call witnesses has been supplemented by CPL 60.15 (subd 1) which declares that a defendant "may as a matter of right call and examine witnesses". Accordingly, it has been repeatedly held that a trial court may not prospectively prohibit a defense witness from testifying unless the testimony of the witness is offered in palpable bad faith (*People v Gilliam,* 37 NY2d 722, revg 45 AD2d 744 on dissenting opn of Hopkins, J.; *People v McClinton,* 75 AD2d 900; *People v Forbes,* 87 AD2d 829). ¶ In our view, the testimony of the defense witness, i.e., the school psychologist, was offered in bad faith. The testimony of the school psychologist would have been based, *inter alia,* on his interviews with, and psychological testing

of, the complainant. These records were contained in a file maintained by the Brentwood School district which was marked "Psychological Report. This report is Privileged and Confidential". On November 25, 1980, a judicial subpoena duces tecum, returnable before the court on December 1, 1980, was served by defense counsel on the school district seeking production of these records. Apparently, the school district gave them directly to defense counsel. Although the subpoena itself and the confidential nature of the records dictated that they be turned over to the court for an *in camera* inspection (see *People v Gissendanner*, 48 NY2d 543), defense counsel instead improperly placed the records in his file and did not disclose their existence to the court (which was at the time considering a motion by defense counsel for discovery of similar confidential records of the probation department relating to the complainant) until he commenced the defendant's case by calling the school psychologist as a witness. ¶ Moreover, even apart from any issue of bad faith, the psychologist was properly prohibited from testifying as a defense witness. The prosecutor requested an "offer of proof" with respect to the testimony of the school psychologist on the ground, *inter alia,* that his testimony might contain privileged information (see CPLR 4507). The court then directed that a hearing be conducted outside the presence of the jury, to determine the relevance and probative value of the proffered testimony. The school psychologist initially asserted that he would "rather not testify" on the ground that the information sought was "[c]onfidential". Nevertheless, in response to a court query, he advised the court that the complainant suffered from minimal brain dysfunction which affected his ability to read, write and do math and necessitated that he be placed in special education classes. ¶ Clearly, the psychologist's testimony, which was privileged, was offered for the purpose of impeaching the complainant's "general credibility" (*People v Gissendanner,* 48 NY2d 543, 548, *supra*). However, a review of the record indicates that the existence of the complainant's educational problems, and his need for special education classes, had previously been forcefully brought to the jury's attention for the purpose of impeaching his general credibility during defense counsel's cross-examination of both the complainant and his mother. Under these circumstances, the psychologist's testimony would have been cumulative on this collateral matter. Accordingly, the trial court did not abuse its discretion in denying defense counsel's request to call the school psychologist as a defense witness (*People v Gissendanner, supra,* p 548). ¶ We have examined the remaining arguments raised by defendant on the instant appeal and find them to be without merit. Mangano, J. P., Bracken, Weinstein and Niehoff, JJ., concur.