■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered October 24, 1986, convicting him of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends on appeal that the trial court violated his First Amendment right to the free exercise of religion by denying his request to adjourn his trial from Thursday to the following Monday to accommodate his religious beliefs and practices. The Muslim Sabbath is observed on Friday and the defendant advised the trial court that he was "studying to be a Muslim". He, therefore, claimed the right not to have his trial held on Fridays.

We do not find that the defendant's right to free exercise of religion was unconstitutionally infringed upon by the refusal of the trial court to accommodate his alleged religious beliefs and practices. While it has been held improper to inquire into the worthiness of a defendant's religious beliefs to determine whether the First Amendment affords them protection, the court may inquire, as a threshold issue, into the sincerity of the defendant's religious beliefs *(see, Kaplan v Hess,* 694 F2d 847, 851; *United States v Fisher,* 571 F Supp 1236, 1240). The courts are generally loathe to engage in such an inquiry and therefore will assume the defendant's beliefs are sincerely held *(see, United States v Fisher, supra,* at 1241). However, at bar, the trial court properly resolved the defendant's First Amendment claim upon the evidence that the defendant's observance of the Muslim Sabbath was inconsistent and reflected a lack of sincerity in his belief that Friday is a holy day.

The defendant next contends that the trial court erred in denying his request to call as a witness an individual whom he claimed was necessary to demonstrate the bias or interest of a key prosecution witness. The trial court's ruling concerning the relevancy of the proposed witness's testimony was entirely appropriate. Generally, a defense witness may not be

prospectively prohibited from testifying unless such testimony is offered in palpably bad faith *(see, People v Westergard,* 113 AD2d 640, 645; *People v Jackson,* 103 AD2d 849). In the instant case, it is clear from defense counsel's offer of proof that the testimony of the proposed witness would have been collateral to the question of the defendant's guilt and was sought to be introduced merely to impeach the credibility of the key prosecution witness. It is well settled that a party who is cross-examining a witness may not call other witnesses to contradict that witness's answers concerning collateral matters solely to impeach credibility *(People v Alvino,* 71 NY2d 233, 247-248; *People v Pavao,* 59 NY2d 282, 288-289; *People v Medina,* 130 AD2d 515). The issue of whether a matter is collateral or relevant to some issue must be determined under the particular circumstances of each case *(see, People v Medina, supra; People v Gonzalez,* 100 AD2d 852). Here, the proffered testimony was to the effect, *inter alia,* that contrary to the testimony of the key prosecution witness the proposed witness was not present during the commission of the crime. The complaining witness and the defendant himself had both testified that the proposed witness had not been present at the time in question. Thus, the proffered testimony would also have been cumulative on this matter *(see, People v Jackson,* 103 AD2d 849, 850). In any event, the error, if any, in precluding this witness from testifying is harmless in view of the overwhelming evidence of the defendant's guilt *(see, People v Gilmore,* 66 NY2d 863, 866-867; *People v Crimmins,* 36 NY2d 230, 242).

Lastly, the imposition of consecutive sentences was neither unduly harsh nor excessive. The crimes of which the defendant stands convicted involved a brutal and vicious attack which continued even as one of the victims sought to escape. Under the circumstances, the sentence was a proper exercise of discretion and we decline to substitute our discretion for that of the sentencing court *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.