■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WILLIAMS, Appellant. [602 NYS2d 377] —Judgment, Supreme Court, Bronx County (Robert L. Cohen, J.), rendered February 27, 1991, convicting defendant, after jury trial, of murder in the second degree, manslaughter in the first degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 20 years to life, 8⅓ to 25 years, 5 to 15 years, and 5 to 15 years, respectively, unanimously affirmed.

Defendant's request, made through trial counsel, for a Friday adjournment of jury deliberations, should those deliberations continue beyond Thursday, in order that defendant might attend religious services scheduled at Rikers Island for Friday afternoon, was properly denied by the trial court after due consideration of the rights of all concerned parties. While strong constitutional guarantees exist for the protection of religious activities, an incidental burden on the free exercise of religion may be justified by a compelling State interest within the regulatory power of the State *(see, Sherbert v Verner,* 374 US 398, 403). Here, where the jury had already been sequestered for two days, the granting of the requested adjournment would have substantially jeopardized "the State's paramount duty to insure a fair trial in a criminal action for both defendant and the People" *(La Rocca v Lane,* 37 NY2d 575, 577, *cert denied* 424 US 968). Although defense counsel indicated to the trial court that he would discuss the matter further with defendant, no alternative proposition was presented to the court. Thus, while "[t]he state may justify an inroad on religious liberty by showing that it is the least restrictive means of achieving some compelling state interest" *(Thomas v Review Bd., Ind. Empl. Sec. Div.,* 450 US 707, 718), no less restrictive means to achieve the compelling State interest of a fair trial for both defendant and the People was suggested by the defendant.

We find no abuse of discretion in sentencing herein. Concur —Carro, J. P., Rosenberger, Ross and Asch, JJ.