■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN GILLIAM, Appellant. [626 NYS2d 245] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered December 29, 1993, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends that the trial court violated his First Amendment right to the free exercise of his religion by denying his request to adjourn the proceedings from Thursday, August 26, 1993, until Monday, August 30, 1993, to accommodate his religious beliefs and practices. The defendant established that he was a Muslim minister who celebrated the Sabbath on Friday, and was scheduled to lead prison services on Friday, August 27, 1993. The sincerity of his religious convictions is not an issue *(cf., People v Johnson,* 143 AD2d 847). The trial court was informed by the Assistant District Attorney that the police chemist was going on vacation the following week and would probably not be available. Although the Assistant District Attorney offered to check if the chemist had vacation plans which would permit him to come in the following week, the trial court simply informed the defendant "I can't give you tomorrow off because of the schedule * * * I can't accommodate you". After informing the defendant that it would make no effort to accommodate his

religious practices, the trial court suggested that the defendant waive his right to be present at the voir dire on Friday, August 27, 1993, and the defendant agreed. On Friday, August 27, 1993, the prosecutor and defense counsel proceeded with jury selection in the defendant's absence.

In this case, the defendant's request for an adjournment to attend religious services was improperly denied in that no compelling State interest was shown (cf., People v Williams, 197 AD2d 401 [denial of adjournment during jury deliberations was necessary to ensure fair trial]). "[T]he schedule" could have been adjusted to accommodate the defendant. Indeed, it appears that the chemist was able to testify the following week, so the scheduling problems envisioned by the court never came to pass.

Since the trial court impermissibly forced the defendant to choose between his First Amendment right to the free exercise of his religion and his right to be present at the voir dire (see, People v Antommarchi, 80 NY2d 247), his waiver was not voluntary.

Accordingly, the judgment appealed from must be reversed and a new trial ordered.

The defendant's remaining contentions are either unpreserved for appellate review, without merit (see, People v Sanchez, 213 AD2d 566; People v Thomas, 210 AD2d 269; People v Wilson, 207 AD2d 463), or need not be addressed. Sullivan, J. P., O'Brien, Ritter and Goldstein, JJ., concur.