■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASHLEY MASON, Appellant. [682 NYS2d 881] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered November 21, 1996, convicting him of attempted robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in precluding the testimony of a defense witness who would have explained the source of the money on the defendant's person at the time of his arrest. We disagree. It was the defense counsel who elicited testimony from the arresting officer regarding the money found on the defendant's person (cf., People v Scott, 104 AD2d 667). In any event, the trial court did not improvidently exercise its discretion in precluding the proposed testimony since the defendant was not charged with robbery and the testimony would have been collateral to the question of the defendant's guilt (see, People v Aska, 91 NY2d 979; People v Johnson, 143 AD2d 847, 848).

The prosecutor's summation constituted a fair response to the defense counsel's summation and did not deprive the defendant of a fair trial (see, People v Galloway, 54 NY2d 396; People v Walker, 207 AD2d 811, 812). Bracken, J. P., Ritter, Copertino and Florio, JJ., concur.