■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASOMONI ROSEMOND, Appellant. [704 NYS2d 111] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Knipel, J.), rendered October 29, 1998, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court was "entitled to charge the jury fairly as to the relative duties of the jury and the Judge" (*People v Garcia,* 63 AD2d 719), after the defense counsel improperly interjected before the jury that the defendant "faced 25 years". Although the trial court's punishment charge exceeded that which is provided for in CPL 300.10 (2) by stating "that in the event you find defendant guilty, this Court has wide discretion to fashion an appropriate punishment and is in no way limited to any particular sentence", it merely sought to rectify any jury misconception that the court was limited to such a sentence (*see, People v Stallings,* 186 AD2d 445, 446). While perhaps better left unsaid, any possible error was harmless given the overwhelming evidence of the defendant's guilt (*see, People v Crimmins,* 36 NY2d 230; *People v Walstatter,* 73 AD2d 175, 178, *affd* 53 NY2d 871).

Contrary to the defendant's contention, his constitutional right to the free exercise of his religion was not violated. The trial court properly delayed the defendant's observance of his Friday religious services to permit the jury, which was in its second day of deliberations, to continue deliberations and then announce its verdict. The court had a legitimate and compelling State interest in completing the trial without further sequestration of the jury over the weekend (*see, People v Williams,* 197 AD2d 401). O'Brien, J. P., Joy, Florio and H. Miller, JJ., concur.