■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHAWN JOHNSON, Appellant. [743 NYS2d 434] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered March 8, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 5 to 10 years, unanimously affirmed.

Defense counsel's request, made on a Friday morning, for an adjournment of jury deliberations on that day so that defendant could remain at Rikers Island to attend religious services was properly denied. Defendant was fully aware that the court intended to convene the jury for continued deliberations on Friday, based on discussions of the subject the prior evening.

During those discussions, neither defendant nor his counsel made any objection, and defendant's counsel indicated that he saw no alternative. Only after defendant refused to appear the next day did counsel then request that the matter be adjourned over the weekend. The court, which had previously accommodated defendant's religious practices, properly denied that request because this was the second day of deliberations, the alternate jurors had been dismissed and adjourning deliberations until Monday would have caused serious problems with regard to the jury in general and several jurors in particular. Under these circumstances, a three-day adjournment would have substantially jeopardized the State's compelling interest in insuring a fair trial for both defendant and the People (*see, People v Rosemond*, 270 AD2d 293, *lv denied* 95 NY2d 803; *People v Morgan*, 265 AD2d 230, 231, *lv denied* 94 NY2d 905; *People v Williams*, 197 AD2d 401, *lv denied* 82 NY2d 932).

Accordingly, the court's ruling was justified (*see, Sherbert v Verner*, 374 US 398, 403). Concur—Williams, P.J., Saxe, Buckley, Sullivan and Ellerin, JJ.