■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAPHAEL CINTRON, Appellant. [758 NYS2d 636] —Judgment, Supreme Court, New York County (Harold Beeler, J.), rendered August 1, 2001, convicting defendant, after a jury trial, of robbery in the first degree (four counts), robbery in the second degree (two counts), and criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 12 years, unanimously affirmed.

The Supreme Court properly denied defendant's motion to suppress his statements as the fruit of an unlawful seizure. The police encountered defendant and his companion in close temporal and spatial proximity to a reported robbery. While the two men did not perfectly match the description in the radio run, there were enough similarities to provide the police with, at a minimum, the right to make a common-law inquiry (see People v Montilla, 268 AD2d 270 [2000], appeal dismissed 95 NY2d 830 [2000]). When defendant then attempted to avoid the police and fled after the police said "stop," the police had reasonable suspicion to pursue him (id.), and probable cause to arrest him after they discovered a revolver that had been discarded along his path of flight.

The court's summary denial of defendant's motion to suppress physical evidence was proper because defendant's motion papers failed to establish standing (see People v Gomez, 67 NY2d 843, 844 [1986]). In any event, as indicated, the hearing record establishes that defendant discarded the physical evidence while the police lawfully pursued him.

Defendant clearly acquiesced in the court's compromise ruling that redacted certain uncharged crimes evidence from defendant's statement, but imposed the condition that certain lines of inquiry would open the door to the redacted evidence. Accordingly, defendant failed to preserve his present challenge to that ruling and we decline to review it in the interest of justice. Were we to review this claim, we would find the ruling a proper exercise of discretion. If defendant had attacked the accuracy of the officer's notes, he would have opened the door to admission of the unredacted notes (*see People v Blakeney*, 219 AD2d 10, 14 [1996], *affd* 88 NY2d 1011 [1996]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Tom, J.P., Saxe, Williams, Lerner and Marlow, JJ.