■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY HALL, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY HOYT, Appellant. [769 NYS2d 28]—

Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered December 18, 2000, convicting defendant Hall, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of 5 to 10 years, and otherwise affirmed. Judgment, same court (Rena Uviller, J.), rendered July 16, 2001, convicting defendant Hall, upon his plea of guilty, of attempted bail jumping in the first degree, and sentencing him, as a second felony offender, to a concurrent term of 1½ to 3 years, unanimously affirmed. Judgment, same court (Edward McLaughlin, J.), rendered January 4, 2001, convicting defendant Hoyt, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The record supports the court's decision to close the courtroom to the general public during the undercover officer's testimony. The People made a sufficiently particularized showing to warrant closure where the officer testified that he continued to perform undercover work in the vicinity of defendants' arrest and had many pending cases from that location (see People v Ramos, 90 NY2d 490 [1997], cert denied sub nom. Ayala v New York, 522 US 1002 [1997]).

The record does not establish that defendant Hoyt's counsel's law partner was excluded from the courtroom in violation of the court's directive permitting him to enter (see People v Kinchen, 60 NY2d 772 [1983]). Although the court never resolved the parties' factual dispute as to whether or not this actually occurred, Hoyt abandoned the issue (see People v Graves, 85 NY2d 1024, 1027 [1995]).

Defendants' challenge to the court's ruling that permitted the

officer to be identified only by his shield number is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that this ruling was, in the circumstances of the case, a proper exercise of discretion (see *People v Solares*, 309 AD2d 502 [2003]).

The court did not violate defendant Hoyt's right to the free exercise of his religion, and did not force him to choose between that right and his right to be present at trial. The jury was charged on a Thursday, and the court properly refused to suspend deliberations until the following Monday so that Hoyt could attend religious services on Friday. Although the jury was not sequestered, the court had a compelling interest (see *Sherbert v Verner*, 374 US 398 [1963]) in completing the trial without a three-day hiatus in deliberations (see *People v Johnson*, 295 AD2d 106 [2002], *lv denied* 98 NY2d 769 [2002]; *People v Rosemond*, 270 AD2d 293 [2000], *lv denied* 95 NY2d 803 [2000]), and its ruling was the least restrictive means of achieving that interest. Moreover, the court offered to make a reasonable effort to arrange for Hoyt to attend services near the courthouse if he came to court on Friday. The record is clear that Hoyt understood on Thursday night that the proceedings would continue the next day, and that he voluntarily chose not to come to court on Friday. The court's instruction to the jury concerning Hoyt's absence was appropriate.

Defendants' challenge to the court's response to a jury note is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the response was an appropriate exercise of discretion that did not constitute an unbalanced *Allen* charge (*Allen v United States*, 164 US 492 [1896]).

We find the sentence imposed on defendant Hall on the third-degree sale conviction excessive to the extent indicated. We perceive no other basis for reducing the sentences.

We have considered and rejected the remaining claims in defendant Hoyt's pro se supplemental brief. Concur—Andrias, J.P., Rosenberger, Williams and Lerner, JJ.