**The People of the State of New York**, Respondent, v **Dennis Farrell**, Appellant. [812 NYS2d 101]—

Judgment, Supreme Court, New York County (Dorothy Cropper, J., at suppression hearing; Budd G. Goodman, J., at jury trial and sentence), rendered April 8, 2003, as amended June 3, 2003, convicting defendant, after a jury trial, of robbery in the first degree (four counts), assault in the first degree (three counts), criminal possession of a weapon in the second and third degrees, and reckless endangerment in the first degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 125 years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress lineup identifications. The record establishes that the height and weight disparities between defendant and the other lineup participants were sufficiently minimized by having the participants seated and their torsos covered (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *People v Marquez*, 264 AD2d 634, 635 [1999], *lv denied* 94 NY2d 825 [1999]).

The court did not violate defendant's right to free exercise of religion by denying his request for an adjournment on a Friday afternoon so he could return to Rikers Island before sundown to observe the Jewish Sabbath. The jury was in the midst of deliberations, had just requested a readback of testimony and indicated it had already reached a verdict on several of the charges. Under these circumstances, the court had a legitimate and compelling interest in completing the trial without the requested weekend adjournment (*see People v Hall*, 2 AD3d 227, 228 [2003], *lv denied* 2 NY3d 741 [2004]; *People v Rosemond*, 270 AD2d 293 [2000], *lv denied* 95 NY2d 803 [2000]). In any event, defendant made his request for an adjournment at a time of day when it was no longer possible to deliver him to Rikers Island prior to the commencement of the Sabbath.

The court properly denied defendant's request for a charge on the defense of duress, since there was no factual basis for such a charge (*see* Penal Law § 40.00). Defendant's claim that he was

entitled to a justification charge under the emergency doctrine (Penal Law § 35.05 [2]), and his challenges to the court's pre-voir dire instructions, are unpreserved and we decline to review them in the interest of justice. Were we to review them, we would find them to be without merit.

Defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]). Defendant's mandatory sentence as a persistent violent felony offender was based entirely on his prior convictions (*see Almendarez-Torres v United States*, 523 US 224 [1998]). We perceive no basis for reducing the sentence. Concur—Sullivan, J.P., Nardelli, Williams, Sweeny and McGuire, JJ.