■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC EUBANKS, Appellant. [839 NYS2d 26]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered March 28, 2005, convicting defendant, after a jury trial, of robbery in the first and second degrees and criminal possession of stolen property in the fourth degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 25 years to life, unanimously affirmed.

Defendant waived his right to be present for the jury's verdict. Prior to trial, defendant made clear that, for religious reasons, he did not wish to be present in court on Fridays, and the court accommodated that wish by adjourning the start of trial from a Thursday to a Monday. The jury began deliberations on the following Thursday. That afternoon, the court inquired as to defendant's wishes in the event that deliberations continued into Friday. Counsel told the court, in defendant's presence, that defendant "ha[d] decided that he is going to exercise his religion tomorrow," but that defendant had accepted the court's suggestion that he leave his options open by remaining on the list of inmates to be produced for trial. On Friday, defendant was absent, and the court placed on the record a communication from the Department of Correction stating that defendant did not wish to be produced. That day, the jury reached a verdict in defendant's absence.

On appeal, defendant does not claim that he was entitled to have the rendition of the verdict delayed to accommodate his religious preference. Instead, he claims that the court should

have inquired further into the actual reason for his nonproduction, and also inquired into whether some arrangement could have been made for him to attend the verdict as well as religious services on the same day. Under all the circumstances of the case, there was no need for the court to make either inquiry. The reason for defendant's absence was obvious from the chain of events, and was not a matter of "conjecture" as defendant asserts. It is clear that defendant waived his presence for all purposes, including a possible verdict, for the entire day (*see People v Trubin*, 304 AD2d 312 [2003], *lv denied* 100 NY2d 588 [2003]) and that defendant knew that the trial would proceed if he chose to be absent.

The court properly denied defendant's motion to suppress identification testimony. The identifications were not the product of an unlawful seizure. The record supports the court's finding that, at the time of the victim's showup identification, the encounter between defendant and the police was still a common-law inquiry. The police had simply asked defendant to put some clothes on, come in to the hallway outside his hotel room, and answer some questions (*see People v Bora*, 83 NY2d 531, 535-536 [1994]), at which time other officers arrived with the victim. There was ample basis for, at the very least, a common-law inquiry, since the police knew that a robbery had just occurred nearby and that the suspect ran into the hotel, and since defendant met the suspect's general description and was behaving in a suspicious manner (*see e.g. People v Cintron*, 304 AD2d 454 [2003], *lv denied* 100 NY2d 579 [2003]). In any event, were we to find that there was a seizure, we would find that it was supported by reasonable suspicion.

The victim's prompt showup identification was not rendered impermissibly suggestive by the fact that defendant was in the presence of police officers, or the fact that the victim knew the police had someone they wanted him to look at (*see e.g. People v Rubi*, 19 AD3d 139, 140 [2005], *lv denied* 5 NY3d 809 [2005]); such factors are likely to be present in a typical showup. The subsequent identification by the victim's companion was not police-arranged, and it qualified, in any event, as a prompt and reliable identification presenting no due process issues.

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved and without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]; *Almendarez-Torres v United States*, 523 US 224 [1998]). Concur—Marlow, J.P., Williams, Gonzalez, Catterson and McGuire, JJ.