11-1205-pr
Eubanks v. Lempke

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 1st day of May, two thousand twelve.

Present:
        JOSEPH M. McLAUGHLIN,
        ROBERT A. KATZMANN,
               *Circuit Judges*,
        JOHN F. KEENAN,
               *District Judge*.[*]

_____

ISAAC EUBANKS,

               *Petitioner-Appellant*,

               - v. -               No. 11-1205-pr

JOHN LEMPKE, Superintendent, Five Points Correctional Facility,

               *Respondent-Appellee*.

_____

| | |
|---|---|
| For Petitioner-Appellant: | STEVEN BERKO, The Legal Aid Society, Criminal Appeals Bureau, New York, N.Y. |
| For Respondent-Appellee: | LEA LA FERLITA, Assistant Attorney General (Barbara D. Underwood, Solicitor General, Roseann B. MacKechnie, Deputy Solicitor General, Alyson J. Gill, |

_____

[*] The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

Assistant Attorney General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Duffy, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Isaac Eubanks appeals from a final judgment entered on March 1, 2011 by the United States District Court for the Southern District of New York (Duffy, *J.*), following a February 22, 2011 Opinion and Order, denying Eubanks's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The district court issued a certificate of appealability on the question of whether petitioner's waiver of his right to be present for the jury's verdict was knowing and voluntary. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review a district court's denial of a petition for a writ of *habeas corpus de novo*. *Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a federal claim has been adjudicated on the merits in state court, a federal court may overrule the state court only where its decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2). "[C]learly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [Supreme Court] decisions as of the time of the relevant

state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000) (internal quotation marks omitted). In order to prevail under the "unreasonable application" clause, petitioner must demonstrate that while the state court identified the correct governing legal principle from Supreme Court precedent, it "unreasonably applie[d] that principle to the facts" of his case. *Id.* at 413.

The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant the right to be present at all stages of trial, *Illinois v. Allen*, 397 U.S. 337, 338 (1970), including the return of the verdict, *Diaz v. United States*, 223 U.S. 442, 456 (1912) ("It is the right of the defendant in cases of felony . . . to be present at all stages of the trial, [] especially at the rendition of the verdict . . . ." (internal quotation marks omitted)). The Due Process Clause of the Fourteenth Amendment also guarantees defendants the right to be present for trial proceedings "to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Snyder v. Massachusetts*, 291 U.S. 97, 108 (1934). "Thus, a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). A criminal defendant, however, may waive his right to be present. *See, e.g.*, *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) ("No constitutional error results if a defendant knowingly and voluntarily waives his right to be present at trial."). Waiver can be implied from the defendant's conduct, s*ee Taylor v. United States*, 414 U.S. 17, 20 (1973) (per curiam) (holding that defendant's failure to return to court after lunch recess implied waiver of right to be present); *Allen*, 397 U.S. at 342-43 ("[A] defendant can lose his right to be present at trial if . . . he . . . insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom."), and, in

3

certain circumstances, a defendant may waive his right to be present by failing to assert it, *see United States v. Gagnon*, 470 U.S. 522, 529 (1985) (per curiam) ("[R]espondents' total failure to assert their rights to attend the conference with the juror sufficed to waive their rights under [Fed. R. Crim. P.] 43."); *Cohen v. Senkowski*, 290 F.3d 485, 492 (2d Cir. 2002) ("[W]hen a defendant is fully apprised of the nature of the pre-screening [*voir dire*] procedure, makes no objection to the procedure, and has counsel present for the duration of the pre-screening, a knowing waiver of the right to be present occurs.").

In a federal *habeas* proceeding, the petitioner bears the burden of proving the absence of a knowing and voluntary waiver. *Polizzi v. United States*, 926 F.2d 1311, 1321 (2d Cir. 1991). Additionally, "[w]hether or not the state trial court properly balanced the defendant's interest in being present at his trial against the state's interest in proceeding without him is not a matter of constitutional dimension and thus is not cognizable in [a] *habeas corpus* proceeding." *Smith v. Mann*, 173 F.3d 73, 77 (2d Cir. 1999).

Here, while there is no dispute that the verdict was read in petitioner's absence, Eubanks contends that the Appellate Division erred in concluding that Eubanks "waived his presence for all purposes, including a possible verdict, for the entire day and that defendant knew that the trial would proceed if he chose to be absent." *People v. Eubanks*, 41 A.D.3d 241, 242 (N.Y. App. Div. 1st Dep't 2007) (internal citation omitted). In reaching its decision, the Appellate Division noted that after the jury began deliberations on Thursday, the trial court "inquired as to [petitioner's] wishes in the event that deliberations continued into Friday," and, in response, petitioner's counsel said that petitioner "ha[d] decided that he is going to exercise his religion tomorrow,'" but that he elected to remain "on the list of inmates to be produced for trial" so that he would have the option of coming to court. *Id.* at 241. On Friday, petitioner "was absent, and

4

the court placed on the record a communication from the Department of Correction stating that [petitioner] did not wish to be produced." *Id.* The Appellate Division concluded that "[u]nder all the circumstances of the case, there was no need for the court to make [further] inquiry" about defendant's absence because "[t]he reason for defendant's absence was obvious from the chain of events, and was not a matter of 'conjecture.'" *Id.* at 242.

While petitioner maintains that the trial court erred in failing to place on the record the reason for petitioner's absence, he cannot demonstrate that the Appellate Division's decision is contrary to, or an unreasonable application of, clearly established Supreme Court precedent. The trial court made it clear that it would proceed with trial the next day and that it would put petitioner's name on the trial list so that petitioner could choose whether to attend. While the trial court did not place into the record a written statement from the warden's office regarding petitioner's absence, it nonetheless made a clear finding that "someone from the warden[']s office . . . has confirmed from Mr. Eubanks that Mr. Eubanks does not want to be here." Pet'r's Br. 32 (quoting Tr. 767). This finding was also consistent with petitioner's counsel's previous statement that petitioner intended "to exercise his religion" on Friday rather than be present in court. *See Eubanks*, 41 A.D.3d at 241. Thus, viewing the record in context, the Appellate Division did not contradict or misapply clearly established law in concluding that petitioner waived his right to be present.

Petitioner next argues that even if he did waive his right to be present during the reading of the verdict, the trial court coerced his waiver by forcing him to choose between attending religious services and appearing at trial. "The First Amendment, applicable to the States by reason of the Fourteenth Amendment, prohibits government from making a law 'prohibiting the free exercise (of religion).'" *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (per curiam) (internal

5

citation omitted). "[R]easonable op[p]ortunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments without fear of penalty." *Id.* at 322 n.2. However, under the Free Exercise Clause, "[n]ot all burdens on religion are unconstitutional . . . . The state may justify a limitation on religious liberty by showing that it is essential to accomplish an overriding governmental interest." *Bob Jones Univ. v. United States*, 461 U.S. 574, 603 (1983) (internal quotation marks omitted). The governmental interest must be "compelling" and there must be no "less restrictive means . . . available to achieve" it. *Id.* at 604 (internal citations and quotation marks omitted). While Eubanks's coercion argument presents a somewhat closer issue, in this particular case, we need not decide the weighty question, whether, as a general matter, a trial court is obligated to make an effort to accommodate a criminal defendant's religious obligations during a trial. Because Eubanks never objected to the trial court's decision to proceed with trial on Friday and never even requested an adjournment or other accommodation, we cannot conclude that the trial court "coerced" him into waiving his right to be present at the reading of the verdict.

We have considered Eubanks's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6