*529 Judgment, Supreme Court, Bronx County (Seth L. Marvin, J. at suppression hearing; Raymond L. Bruce, J. at jury trial and sentencing), rendered November 14, 2011, convicting defendant of robbery in the second degree and bail jumping in the first degree, and sentencing him to consecutive terms of six years and one to three years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s determinations concerning credibility and identification. The evidence clearly established that defendant was a participant in a robbery.
The court properly denied defendant’s suppression motion. Shortly after midnight, officers received a radio transmission of “shots fired,” followed by a transmission describing a group of 8 to 10 men. In very close temporal and spatial proximity to the transmissions and the specified location, the officers saw a group of men, alone on a deserted street, matching the description in several respects including number, age and ethnicity. This provided, at least, a founded suspicion justifying a common-law inquiry. The bounds of such an inquiry were not exceeded when, as a safety precaution, the greatly outnumbered officers, who did not draw their weapons, directed the group to stop and line up along a storefront (see People v Bora, 83 NY2d 531, 531-535 [1994]; People v Francois, 61 AD3d 524, 525 [1st Dept 2009], affd 14 NY3d 732 [2010]; People v Herold, 282 AD2d 1, 7 [1st Dept 2001], lv denied 97 NY2d 682 [2001]). Defendant then fled, and we conclude that his flight was not the product of any unlawful police conduct. Defendant’s flight, coupled with the other circumstances, provided reasonable suspicion justifying pursuit (see People v Woods, 98 NY2d 627 [2002]; People v Cintron, 304 AD2d 454 [1st Dept 2003], lv denied 100 NY2d 579 [2003]), followed by a brief investigatory detention. The subsequent recovery of a firearm from along the path of defendant’s flight provided probable cause for his arrest (see id. at 454), which resulted in the recovery of additional evidence.
We perceive no basis for reducing the sentence.
Concur— Mazzarelli, J.E, Sweeny, Andrias, DeGrasse and Richter, JJ.