The People of the State of New York, Respondent,
against
Christopher Brodeur, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Desmond A. Green, J.), rendered December 6, 2012, and two orders of the same court dated December 6, 2012. The judgment convicted defendant, upon a jury verdict, of three counts of criminal contempt in the second degree, three counts of aggravated harassment in the second degree, and one count of harassment in the second degree. Each of the two orders summarily adjudged defendant in contempt of court.




ORDERED that the judgment of conviction is reversed, on the law, and the accusatory instrument is dismissed as a matter of discretion in the interest of justice; and it is further,
ORDERED that so much of the appeal as is from the two orders summarily adjudging defendant in contempt of court is dismissed as abandoned.
Defendant was charged with three counts of criminal contempt in the second degree (Penal Law § 215.50 [3]), three counts of aggravated harassment in the second degree (Penal Law § 240.30 [1] [b]), and one count of harassment in the second degree (Penal Law § 240.26 [1]). Following a jury trial, defendant, who chose to proceed pro se with standby counsel present, was found guilty as charged. Defendant was also summarily adjudged twice in criminal contempt of court (see Judiciary Law §§ 750, 751); however, he raises no issue on appeal pertaining to these adjudications. 
Before allowing a defendant to proceed pro se, the court must determine that the defendant's waiver of the right to counsel is made knowingly, voluntarily and intelligently (see People v Crampe, 17 NY3d 469, 481 [2011]; People v Arroyo, 98 NY2d 101 [2002]; People v Smith, 92 NY2d 516 [1998]; People v McIntyre, 36 NY2d 10, 17 [1974]). To this end, the trial court is required to "conduct a searching inquiry' to clarify that [the] defendant understands the ramifications of such a decision" (People v Stone, 22 NY3d 520, 525 [2014]; see People v Providence, 2 NY3d 579, 580 [2004]; People v Slaughter, 78 NY2d 485, 491 [1991]; People v Guarnieri, 122 AD3d 1078 [2014]). A waiver cannot be deemed knowing, voluntary and intelligent unless, after conducting such a searching inquiry, the court is satisfied that the defendant is "aware of the dangers and disadvantages of proceeding without counsel" (Crampe, 17 NY3d at 481 [internal quotation marks omitted]). The court must adequately inform the accused of the "risks inherent in proceeding pro se" and apprise the defendant of "the singular importance of the lawyer in the adversarial system of adjudication" (id. at 482). Additionally, [*2]when there is a basis to question a defendant's mental capacity, even when he has been found fit to proceed to trial, the court should consider that question as part of the searching inquiry designed to determine the efficacy of the defendant's waiver of counsel (see Stone, 22 NY3d at 528; People v Reason, 37 NY2d 351, 353-354 [1975]). 
Here, the record demonstrates that defendant repeatedly demanded that he be permitted to represent himself. He informed the court that he had acted as his own counsel in five prior criminal trials and had "beaten" the District Attorney's office 21 times previously, including in motion practice. He also demonstrated his knowledge of court procedure by discussing speedy trial issues and the fact that the District Attorney's office typically reduces the charges in order to obtain a nonjury trial. However, "[b]ased upon what [it had] seen and what [it had] heard [from defendant] in [the] courtroom," the court ordered an examination of defendant, pursuant to CPL article 730, to determine whether he was competent to stand trial "because [it thought] there may be some issues." At a subsequent pretrial conference, the court commented that it thought defendant was acting irrationally and would be found unfit to stand trial. At another pretrial conference, when defendant again insisted on proceeding pro se, the court told him that he was not qualified to represent himself. However, after the CPL article 730 report was provided to the court, finding that defendant was fit to stand trial, the court ruled that defendant would be permitted to represent himself, with standby defense counsel ready to take over the defense should it become necessary. Nevertheless, the court noted its concern that defendant has a tendency to "fly off the handle" and that it did not think that it was a smart move for defendant to proceed pro se.
Thus, although there was a discussion of defendant's previous exposure to legal procedures, one of the relevant factors bearing on a knowing, voluntary and intelligent waiver of the right to counsel (see Crampe, 17 NY3d at 482; Arroyo, 98 NY2d at 103-104), the record is devoid of any colloquy wherein the court informed defendant of the "risks inherent in proceeding pro se" and apprised him of "the singular importance of the lawyer in the adversarial system of adjudication" (Crampe, 17 NY3d at 482). Consequently, defendant's waiver cannot be deemed to have been knowing, voluntary and intelligent, since the court did not conduct a thorough and satisfactory "searching inquiry" whereby it could ensure that defendant was "aware of the dangers and disadvantages of proceeding without counsel" (id. at 481). Moreover, despite defendant having been found fit to stand trial, the court repeatedly questioned his ability to represent himself given the fact that it thought that he was acting irrationally (cf. People v Vivenzio, 62 NY2d 775 [1984]; People v Malone, 119 AD3d 1352 [2014]). Consequently, we conclude that the Criminal Court failed to obtain an effective waiver of defendant's right to counsel and, thus, the judgment of conviction must be reversed (see Guarnieri, 122 AD3d 1078; People v Cole, 120 AD3d 72 [2014]).
We note that, even were we to find that defendant's waiver of his right to counsel was valid, we nevertheless would reverse the judgment of conviction. Up until the final day of trial, the court had honored the request of defendant, an observant Muslim, that the trial not be conducted on Fridays. However, after the trial had been delayed a few days due to Hurricane Sandy, the court informed defendant that it might have to declare a mistrial if it could not continue with the trial on the following day, which was a Friday. The court asked defendant whether he would appear on Friday. After indicating that he felt pressured to complete his case and also noting that, if the court declared a mistrial, he would be forced to remain incarcerated until a new trial was conducted, defendant suggested that he could finish his testimony that day and that he did not need to be present while the jury deliberated since standby defense counsel could serve as his representative. When the court confirmed that defendant would be waiving his right to be present on the final day of the trial for "religious reasons," defendant responded "I am upset that I will not be here." We find that there was no compelling reason set forth in the record on appeal for the Criminal Court to have threatened defendant with a mistrial if the trial did not continue on Friday. Under the circumstances presented, defendant's waiver of his right to be present on the final day of trial, when the prosecutor delivered her summation, the charge was [*3]given to the jury, and the verdict was rendered, cannot be considered to have been made voluntarily and constitutes reversible error (see People v Gilliam, 215 AD2d 401 [1995]; cf. People v Eubanks, 41 AD3d 241 [2007]; People v Hall, 2 AD3d 227 [2003]).
We note that Penal Law § 240.30 (1), as written at the time of defendant's conviction, has been found to be unconstitutionally vague and overbroad under both the state and federal constitutions (see People v Golb, 23 NY3d 455, 466-468 [2014]; People v Jackson, 139 AD3d 875 [2016]). Moreover, since no penological purpose would be served in ordering a new trial with respect to the remaining charges, as defendant has already completed his sentence of imprisonment and still would be left with a lengthy criminal record (see People v Flynn, 79 NY2d 879, 882 [1992]; People v Scala, 26 NY2d 753, 754 [1970]; cf. People v Allen, 39 NY2d 916, 917-918 [1976]), we dismiss the accusatory instrument, as a matter of discretion in the interest of justice.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: January 24, 2017